Ivy J. CARTER, Petitioner–Appellant,

v.

Jon E. LITSCHER, Respondent–Appellee.

No. 01–2628.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 13, 2001.

Decided Dec. 28, 2001.

Ivy J. Carter (submitted), Whiteville TN, Pro se.

Warren D. Weinstein, Office of the Atty. Gen., Wisconsin Dept. of Justice, Madison, WI, for Respondent-Appellee.

Before BAUER, EASTERBROOK, and EVANS, Circuit Judges.

EASTERBROOK, Circuit Judge.

A prisoner seeking to wage a federal collateral attack on a criminal judgment normally must file the proceeding within one year of the judgment's finality. 28 U.S.C. §§ 2244(d), 2255 ¶6. Several provisions allow extra time. This case presents a question about one of these, § 2244(d)(2), which provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Ivy Carter, serving a life sentence in Wisconsin for murder, pursued collateral review twice in state court, and the state concedes that both proceedings were "properly filed." See *Artuz v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000); *Freeman v. Page*, 208 F.3d 572 (7th Cir.2000). If the time they were pending counts under § 2244(d)(2), then

Carter's federal petition is timely; otherwise it is not. The district court concluded that some of the time (enough to make a difference) does *not* count, because the issues Carter presented to the state tribunal differ from those presented to the federal tribunal. According to the district court, time is excluded by § 2244(d)(2) only if the prisoner raises in the state collateral challenge at least one of the federal constitutional issues in the federal challenge. Thus if, for example, a state prisoner presents his main federal constitutional claims on direct appeal and uses a state collateral attack to raise claims based on state law (or federal constitutional claims later omitted from the federal collateral attack), then § 2244(d)(2) does not apply. This approach has the support of *Austin v. Mitchell,* 200 F.3d 391 (6th Cir. 1999), but has been rejected by *Tillema v. Long,* 253 F.3d 494 (9th Cir.2001). Carter's appeal is properly before us, even though the certificate of appealability fails to identify a substantial constitutional issue and thus does not satisfy 28 U.S.C. § 2253(c)(2), see *Slack v. McDaniel,* 529 U.S. 473, 483–85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000), because the state has made nothing of this problem and thus has forfeited the benefits of that statute. *Owens v. Boyd,* 235 F.3d 356 (7th Cir.2000); *United States v. Marcello,* 212 F.3d 1005 (7th Cir.2000).

■ *Austin* concluded that tolling occurs under § 2244(d)(2) only if a prisoner includes in his state collateral attack at least one of the issues raised in the federal challenge. The court reasoned: "Otherwise, the purpose of tolling, which is to provide the state courts with the first opportunity to resolve the prisoner's federal claim, is not implicated." 200 F.3d at 395. This is not correct; it confuses tolling with exhaustion. A state court must be given the first opportunity to address the federal issue, see 28 U.S.C. § 2254(b)(1); *O'Sulli-*

*van v. Boerckel,* 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); but this exhaustion requirement can be satisfied on direct appeal as well as on collateral attack. Usually it is preferable to raise the federal question as soon as possible, which means at trial and on direct appeal. Cf. *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). This does not imply, however, that state prisoners must proceed immediately from their direct appeals to federal collateral attacks. A state collateral proceeding based solely on state-law issues may avoid the need for federal relief, and a tolling rule permits prisoners to pursue such theories in state court without jeopardizing their ability to raise the federal constitutional issues later in federal court, if that proves to be necessary. See *Duncan v. Walker,* 533 U.S. 167, 121 S.Ct. 2120, 2128, 150 L.Ed.2d 251 (2001).

■ No matter what one makes of the policy arguments, however, the language of § 2244(d)(2) offers no leeway for them. See *Artuz,* 531 U.S. at 10, 121 S.Ct. 361 ("Whatever merits ... policy arguments [concerning § 2244] may have, it is not the province of [judges] to rewrite the statute to accommodate them."). Time is suspended while a "properly filed" state collateral attack "with respect to the pertinent *judgment* or claim is pending" (emphasis added). *Austin* reads the word "judgment" out of § 2244(d)(2) and tolls the time only while a particular "claim" (which *Austin* took to mean "theory of relief") is before the state court. That is just not what the statute says. Any properly filed collateral challenge *to the judgment* tolls the time to seek federal collateral review. Even *Austin's* implicit definition of "claim" is questionable, for this word usually denotes a whole transaction rather than a legal theory. Cf. *Brannigan v. United States,* 249 F.3d 584

(7th Cir.2001) (discussing other possible meanings of the word "claim" in the AED-PA). We therefore disapprove *Austin*'s holding. Properly filed collateral challenges to the judgment Carter wants to contest were pending in state court for long enough to make Carter's federal challenge timely. His petition must be adjudicated on the merits.

REVERSED AND REMANDED.