Richard H. **BOYD,** Petitioner,

v.

Dave **GARRAGHTY,** Warden, Robert Snyder, Warden, and Attorney General of the State of Delaware, Respondents.

No. CIV.A.00–182–GMS.

United States District Court, D. Delaware.

April 30, 2002.

Richard H. Boyd, Jarratt, VA, pro se.

Jane Brady, Atty. Gen., Loren C. Meyers, Deputy Atty. Gen., Wilmington, DE, for respondents.

### MEMORANDUM AND ORDER

SLEET, District Judge.

After pleading guilty in the Delaware Superior Court to several drug offenses, Richard H. Boyd was sentenced to ten years in prison. While incarcerated at the Greensville Correctional Center in Jarratt, Virginia, Boyd filed with the court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondents ask the court to dismiss Boyd's petition as time barred by the applicable one-year period of limitation. Alternatively, the respondents assert that federal habeas relief is unavailable as to Boyd's claims. As explained below, the court concludes that Boyd's petition is not time barred, but that his claims do not provide a basis for federal habeas relief.

### I. BACKGROUND

In March 1995, a grand jury in the Delaware Superior Court charged Richard Boyd with multiple counts of drug and drug-related offenses, including trafficking in cocaine and delivery of cocaine. Boyd appeared before the Superior Court on July 13, 1995, and pleaded guilty to one count each of trafficking in cocaine, delivery of cocaine, and attempted delivery of cocaine.[1] The Superior Court (Ridgely, J.) sentenced Boyd on September 22, 1995, to an aggregate term of ten years in prison

followed by two years of decreasing levels of supervision. Boyd did not file a direct appeal with the Delaware Supreme Court. On December 13, 1995, Boyd moved to withdraw his guilty plea, but his motion was returned to him for failure to comply with Rule 61 of the Superior Court Rules of Criminal Procedure. Boyd also filed a motion to correct his sentence, which the Superior Court denied on July 19, 1996.

On May 20, 1996, while his motion for correction of sentence was pending, Boyd filed in the Superior Court his first motion for postconviction relief pursuant to Rule 61. In his motion, Boyd claimed that his guilty plea was involuntary because he was under the influence of drugs when he entered it. He also alleged that counsel was ineffective for failing to obtain treatment for his drug addiction. At the recommendation of a commissioner, the Superior Court dismissed Boyd's first claim as procedurally barred for failure to raise it at sentencing or on direct appeal. *State v. Boyd,* No. IK95–02–0020–R1, 1997 WL 127979, *2 (Del.Super.Ct. Feb.27, 1997). The Superior Court summarily dismissed Boyd's claim of ineffective assistance as entirely conclusory. *Id.* at *3. Boyd did not appeal from the order denying his first motion for postconviction relief.

Boyd filed a second Rule 61 motion with the Superior Court on December 18, 1997. The Superior Court found each of Boyd's claims procedurally barred, and denied his motion. *State v. Boyd,* IK95–02–0020–R2, 1999 WL 167853 (Del.Super.Ct. Mar.3, 1999). The Delaware Supreme Court affirmed without elaboration. *Boyd v. State,* No. 102, 1999, 1999 WL 591834 (Del. July 1, 1999).

On September 3, 1999, Boyd filed in the Superior Court another motion for correction of sentence, this time alleging that his

---

1. The prosecution entered a *nolle prosequi* on each of the remaining charges.

five-year sentence for delivery of cocaine exceeded the statutory limit. The Superior Court ruled that Boyd's sentence was legal, and denied his motion. *State v. Boyd,* No. IK–95–02–0020 (Del.Super.Ct. Sept. 14, 1999). The Delaware Supreme Court affirmed. *Boyd v. State,* No. 464, 1999, 2000 WL 140104 (Del. Jan.28, 2000).

Boyd has now filed the current petition for federal habeas relief. In his petition, Boyd alleges that his five-year sentence for delivery of cocaine exceeded the statutory limit and thus violated his constitutional rights. Boyd also claims that counsel rendered ineffective assistance by failing to object to an illegal sentence of five years for delivery of cocaine. The court first addresses the respondents' argument that Boyd's petition is time barred.

## II. TIMELINESS

### A. One–Year Period of Limitation

In the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress amended the federal habeas statute by prescribing a one-year period of limitation for the filing of habeas petitions by state prisoners. *Stokes v. District Attorney of the County of Philadelphia,* 247 F.3d 539, 541 (3d Cir.), *cert. denied,* —— U.S. ——, 122 S.Ct. 364, 151 L.Ed.2d 276 (2001). Effective April 24, 1996, the AEDPA provides:

(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . .

28 U.S.C. § 2244(d)(1). In order to avoid any impermissible retroactive application of the one-year period of limitation, state prisoners whose convictions became final prior to the enactment of the AEDPA were allowed to file their habeas petitions no later than April 23, 1997. *See Burns v. Morton,* 134 F.3d 109, 111 (3d Cir.1998)(prohibiting dismissal of petitions filed on or before April 23, 1997, as untimely under § 2244(d)(1)(A)).

Boyd's conviction became final prior to the enactment of the AEDPA. The Superior Court sentenced Boyd on September 22, 1995. Although Boyd did not file a direct appeal with the Delaware Supreme Court, the thirty-day period in which he could have appealed is encompassed within the meaning of "the conclusion of direct review or the expiration of the time for seeking such review," as set forth in § 2244(d)(1)(A). *See Nara v. Frank,* 264 F.3d 310, 314 (3d Cir.2001)(stating that where petitioner did not file a direct appeal, his conviction became final when the time for filing a direct appeal expired). Therefore, Boyd's conviction became final on October 22, 1995, thirty days after his sentence was imposed. For this reason, he could have filed a timely federal habeas petition not later than April 23, 1997.

The court's docket reflects that Boyd's petition was filed on March 15, 2000. (D.I.2.) A pro se prisoner's habeas petition, however, is deemed filed on the date he delivers it to prison officials for mailing to the district court, not on the date the court dockets or receives it. *Burns,* 134 F.3d at 113. Attached to Boyd's petition is a certificate of service in which he certifies that he placed his petition, addressed to clerk of this court, in the prison mail on February 25, 2000. (D.I. 2, Certificate of Service.) Boyd's petition is thus deemed filed on February 25, 2000.

Obviously, Boyd's petition was filed well after the April 23, 1997 deadline. That, however, does not end the timeliness inquiry because the one-year period of limitation may be statutorily or equitably tolled. *See Jones v. Morton,* 195 F.3d 153, 158 (3d Cir.1999).

### B. Statutory Tolling

The AEDPA provides for statutory tolling of the one-year period of limitation as follows:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

On April 24, 1996, the effective date of the AEDPA, Boyd's 1996 motion to correct his sentence was pending before the Superior Court. If this motion constitutes "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment," the one-year period was tolled while it was pending.

■ According to the Third Circuit, district courts should employ a flexible approach in determining whether a motion qualifies under § 2244(d)(2). *Nara,* 264 F.3d at 315. Under this flexible approach, "various forms of state review" qualify, *Jones,* 195 F.3d at 159, including a motion to withdraw a guilty plea *nunc pro tunc* filed more than eleven years after the guilty plea was entered, *Nara,* 264 F.3d at 316. The motion to withdraw a guilty plea *nunc pro tunc* qualified, the *Nara* court explained, because it was "certainly akin to" an application for postconviction relief or other collateral review. *Id.* Boyd's motion for correction of sentence is also "certainly akin to" an application for postcon-

viction relief, and qualifies under § 2244(d)(2). For this reason, the court concludes that the one-year period was tolled while his 1996 motion for correction of sentence was pending.

On May 20, 1996, while his motion for correction of sentence was pending, Boyd filed his first Rule 61 motion for postconviction relief. He also filed a second Rule 61 motion on December 18, 1997. Relying on *Austin v. Mitchell,* 200 F.3d 391 (6th Cir.1999), *cert. denied,* 530 U.S. 1210, 120 S.Ct. 2211, 147 L.Ed.2d 244 (2000), the respondents assert that a state application for postconviction relief tolls the one-year period only if the state application presented at least one of the same claims raised in the federal habeas petition. According to the respondents, Boyd's Rule 61 motions do not qualify under § 2244(d)(2) because the claims he presented in those applications were not the same claims he now raises in his federal habeas petition.

A review of the record confirms that Boyd's current claims are not the same claims he presented in either of his Rule 61 motions. A review of *Austin* also confirms that the Sixth Circuit has held that a state application for postconviction relief that does not address at least one of the grounds raised in the federal habeas petition does not toll the one-year period of limitation. *Id.* at 395. If *Austin* applies in Boyd's case, the one-year period was not tolled while either of his Rule 61 motions was pending.

After independently examining § 2244(d)(2), the court is not persuaded by *Austin,* and will not follow its holding. Although the Third Circuit has not yet spoken on the issue, two courts of appeals have expressly rejected *Austin*'s holding. *See Carter v. Litscher,* 275 F.3d 663, 665 (7th Cir.2001)(disapproving *Austin*'s holding); *Tillema v. Long,* 253 F.3d 494, 502 n.

10 (9th Cir.2001)(finding that *Austin*'s holding is inconsistent with the text and purpose of § 2244(d)(2)). Contrary to *Austin,* the Seventh Circuit has held that "[a]ny properly filed [state] collateral challenge *to the judgment* tolls the time to seek federal collateral review," even if the claims raised in the state collateral proceedings were not the same as those presented in the federal petition. *Carter,* 275 F.3d at 665–66 (emphasis in original). Likewise, the Ninth Circuit has ruled that the "AEDPA's period of limitation is tolled during the pendency of a state application challenging the pertinent judgment, even if the particular application does not include a claim later asserted in the federal habeas petition." *Tillema,* 253 F.3d at 502.

The court is persuaded that *Carter* and *Tillema* accurately articulate the meaning of § 2244(d)(2). By its own terms, the statute excludes from the one-year period of limitation the "time during which a properly filed application for State post-conviction or other collateral review *with respect to the pertinent judgment* or claim is pending." 28 U.S.C. § 2244(d)(2). If a state application challenges "the pertinent judgment," the one-year period is tolled while that application is pending. Based on the plain text of § 2244(d)(2), this court joins *Carter* and *Tillema* and declines to follow *Austin.* Like the Seventh and Ninth Circuits, the court holds that the one-year period of limitation is tolled while a state application challenging the pertinent judgment is pending, "even if the particular application does not include a claim later asserted in the federal habeas

petition." *Tillema,* 253 F.3d at 502. Without a doubt, Boyd's two Rule 61 motions both challenge "the pertinent judgment," *i.e.,* his 1995 conviction and sentence. The court thus concludes that the one-year period of limitation must be tolled while each of his Rule 61 motions was pending.[2]

Boyd's first Rule 61 motion was filed on May 20, 1996, and was denied on February 27, 1997. Although Boyd did not appeal from the denial of his first Rule 61 motion, the motion was "pending" until the expiration of the thirty-day period in which he could have filed a notice of appeal. *See Swartz v. Meyers,* 204 F.3d 417, 424 (3d Cir.2000); Del. R. Sup.Ct. 6(a)(iii) (prescribing a thirty-day limit for filing a notice of appeal in postconviction proceedings). The one-year period was thus tolled from the enactment of the AEDPA on April 24, 1996, until March 29, 1997, thirty days after the Superior Court denied his first Rule 61 motion. Boyd filed his second Rule 61 motion on December 18, 1997, which was denied on March 3, 1999. The Delaware Supreme Court affirmed on July 1, 1999. Accordingly, the one-year period was also tolled from December 18, 1997, until July 1, 1999. Between March 29, 1997, and December 18, 1997, however, no state application was pending, and those 263 days must be counted toward the one-year period.

Finally, Boyd filed a motion for correction of sentence on September 3, 1999, in which he alleged that his sentence exceeded the statutory limits. The Delaware Supreme Court affirmed the Superior

---

**2.** The court is aware that only a "properly filed" application tolls the one-year period. 28 U.S.C. § 2244(d)(2). An application is "'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett,* 531 U.S. 4, 8, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000). An application may be

"properly filed" even if it presents claims that lack merit or are procedurally barred. *Id.* at 9–10, 121 S.Ct. 361. Here, the respondents do not argue that any of Boyd's postconviction motions was not "properly filed." Based on its own review of the record, the court finds no reason to conclude that any relevant motion was not "properly filed."

Court's denial of this motion on January 28, 2000. This motion for correction of sentence attacks the pertinent judgment, and easily qualifies under § 2244(d)(2). Accordingly, the one-year period was tolled from September 3, 1999, and January 28, 2000. From July 1, 1999, until September 3, 1999, however, 63 days passed during which no state application was pending. An additional 27 days passed before Boyd filed his federal habeas petition on February 25, 2000.

In sum, the court concludes that the one-year period of limitation was tolled while Boyd's two Rule 61 motions and his 1996 and 1999 motions for correction of sentence were pending. Excluding these periods, 353 days lapsed from the date of the enactment of the AEDPA until the date Boyd filed the current federal habeas petition. Because Boyd filed his petition before the one-year period expired, the court denies the respondents' request to dismiss Boyd's habeas petition as time barred.[3]

## III. DISCUSSION

### A. Illegal Sentence for Delivery of Cocaine

Boyd's first claim for relief is that his five-year sentence for delivery of cocaine is illegal and unconstitutional because it exceeds the statutory limit.[4] The respondents acknowledge that Boyd exhausted this claim by presenting it in his 1999 motion for correction of sentence. They argue, however, that Boyd's five-year sentence for delivery of cocaine was within the statutory limit and entirely legal.

Boyd's argument that his five-year sentence for delivery of cocaine is illegal is premised on Delaware law. The Delaware Supreme Court specifically ruled that the "Superior Court judge was compelled by the language of the statute to sentence Boyd to a minimum mandatory term of 5 years in prison on the charge of delivery of cocaine." *Boyd,* 2000 WL 140104 at *1. According to the Delaware Supreme Court, not only was Boyd's five-year sentence for delivery permissible, it was *mandatory.* On federal habeas review, this court is bound by the Delaware Supreme Court's determinations of state law. *See Barry v. Brower,* 864 F.2d 294, 298 (3d Cir.1988)(citing *Wainwright v. Sykes,* 433 U.S. 72, 81, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977)). This court cannot "substitute its interpretation of state law for that of the state court whose action it is reviewing." *Barry,* 864 F.2d at 298. Thus, the Delaware Supreme Court's conclusion that Boyd's five-year sentence did not exceed the statutory limit as a matter of state law remains undisturbed. Because Boyd's claim is premised on an erroneous interpretation of state law, federal habeas relief as to this claim will be denied.

### B. Ineffective Assistance of Counsel

Boyd's remaining claim is that counsel rendered ineffective assistance in violation of the Sixth Amendment by failing to object to the imposition of an illegal five-year sentence on the charge of delivery of cocaine. The respondents assert that Boyd never presented this claim to the state

---

3. Because the statutory tolling provision renders Boyd's habeas petition timely filed, the court does not determine whether the doctrine of equitable tolling applies.

4. In his petition, Boyd separated this claim into a statutory claim and a constitutional

claim. Both are based on Boyd's belief that his five-year sentence for delivery exceeded the statutory limit. Thus, the court has consolidated these two claims for purposes of analysis.

courts, and that it is now procedurally barred from federal habeas review. A review of the record confirms that Boyd has never presented this particular claim of ineffective assistance to any state court.

■ To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). Although a state prisoner is not required to "invoke extraordinary remedies" to satisfy exhaustion, he must fairly present each of his claims to the state courts. *Id.* at 848, 119 S.Ct. 1728. If a claim has not been fairly presented to the state courts, but state procedural rules preclude a petitioner from seeking further relief in the state courts, the exhaustion requirement is considered satisfied. *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir.2000), *cert. denied*, 531 U.S. 1082, 121 S.Ct. 785, 148 L.Ed.2d 681 (2001). Such claims are deemed procedurally defaulted, not unexhausted, because further state court review is unavailable. *Lines*, 208 F.3d at 160. A federal court may not consider the merits of a procedurally defaulted claim unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

■ The court must consider whether Boyd may present his claim of ineffective assistance to the Superior Court in a third Rule 61 motion. Rule 61 imposes several procedural hurdles that must be satisfied before a state court will consider the merits of a petitioner's claim. *See* Super. Ct. R.Crim. P. 61(*i*); *Younger v. State*, 580 A.2d 552, 554 (Del.1990).

Relevant to the current inquiry is the procedural bar of Rule 61(*i*)(2):

> Repetitive Motion. Any ground for relief that was not asserted in a prior postconviction proceeding, as required by subdivision (b)(2) of this rule, is thereafter barred, unless consideration of the claim is warranted in the interest of justice.

Super. Ct. R.Crim. P. 61(*i*)(2). A petitioner must present all his grounds for relief in his first Rule 61 motion. *Id.* 61(b)(2); *Robinson v. State*, 562 A.2d 1184, 1185 (Del.1989). Delaware courts will not consider any claim that was not asserted in a prior Rule 61 motion unless "warranted in the interest of justice." *Maxion v. State*, 686 A.2d 148, 150 (Del.1996). In order to satisfy the interest of justice exception, a petitioner must show that "subsequent legal developments have revealed that the trial court lacked the authority to convict or punish" him. *Woods v. State*, No. 259, 1997, 1997 WL 425492 (Del. July 18, 1997)(citing *Flamer v. State*, 585 A.2d 736, 746 (Del.1990)). In the matter at hand, the record is devoid of any such subsequent legal developments. Accordingly, state court review of Boyd's claim is foreclosed by Rule 61(*i*)(2).

■ Rule 61(*i*) imposes yet another procedural hurdle that bars state court consideration of Boyd's ineffective assistance of counsel claim. Pursuant to Rule 61(*i*)(1), "[a] motion for postconviction relief may not be filed more than three years after the judgment of conviction is final." Super. Ct. R.Crim. P. 61(*i*)(1). The three-year period "is jurisdictional and cannot be enlarged." *Robinson v. State*, 584 A.2d 1203, 1204 (Del.1990). For relevant purposes, a judgment of conviction becomes final thirty days after the Superior Court imposes sentence. Super. Ct. R.Crim. P. 61(m)(1). The Superior Court sentenced Boyd on September 22, 1995;

thus, his sentence became final for purposes of Rule 61 on October 22, 1995. Obviously, more than three years have lapsed since that date. Thus, the Superior Court would refuse to entertain Boyd's ineffective assistance claim as untimely.

■■■■ Before the court can conclude with certainty that Boyd's claim of ineffective assistance is procedurally barred, the court must consider whether Rule 61($i$)(5) renders either of these procedural bars inapplicable. Pursuant to Rule 61($i$)(5):

> Bars Inapplicable. The bars to relief in paragraphs (1), (2), and (3) of this subdivision shall not apply to a claim that the court lacked jurisdiction or to a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction.

Super. Ct. R.Crim. P. 61($i$)(5). This "fundamental fairness exception ... is a narrow one and has been applied only in limited circumstances, such as when the right relied upon has been recognized for the first time after the direct appeal." *Younger*, 580 A.2d at 555. To satisfy Rule 61($i$)(5), a petitioner must raise and support "a colorable claim which requires further inquiry." *Webster v. State*, 604 A.2d 1364, 1367 (Del.1992). Although a petitioner need not establish with certainty that a constitutional violation occurred, Rule 61($i$)(5) is not a mechanism by which a petitioner may "challenge his conviction in perpetuity simply by coupling allegations of trial errors with bold assertions that they amount to a miscarriage of justice." *State v. Mulkey*, No. N88–03–0075R3, 1995 WL 268510, *2 (Del.Super. Mar.24, 1995).

■■■■ The court finds that Boyd's claim falls far short of satisfying the narrow fundamental fairness exception of Rule 61($i$)(5). Although Boyd has alleged a violation of the Sixth Amendment, his claim apparently lacks merit. Boyd's claim is that counsel rendered ineffective assistance by failing to object to the imposition of an illegal sentence. As explained above, the Delaware Supreme Court has expressly ruled that Boyd's sentence is within the statutory limits and legal. Because Boyd's claim of ineffective assistance lacks merit, the court concludes that he has failed to satisfy the fundamental fairness exception of Rule 61($i$)(5), and that the procedural bars prescribed in Rule 61($i$) foreclose any further state court review of his current claim of ineffective assistance.

■■■■ The only remaining question is whether Boyd has articulated any reason why his procedural defaults should be excused. Unfortunately, Boyd has offered no explanation for failing to present his ineffective assistance claim to the state courts in either of his two prior Rule 61 motions. Because the court can discern no basis for excusing Boyd's procedural default, his ineffective assistance of counsel claim is procedurally barred from federal habeas review.

## IV. CERTIFICATE OF APPEALABILITY

■■■■ Finally, the court must determine whether a certificate of appealability should issue. *See* Third Circuit Local Appellate Rule 22.2. The court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires the petitioner to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*,

529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

 Here, the court has concluded that federal habeas relief is unavailable as to each of Boyd's claims. The court is persuaded that reasonable jurists would not find its conclusions debatable or wrong. Boyd has, therefore, failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

## V. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) Richard H. Boyd's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied.

(2) The court declines to issue a certificate of appealability for failure to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.