[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 02, 2002
THOMAS K. KAHN
CLERK

_____

No. 01-10317

_____

D. C. Docket No. 00-01451-CV-T-24C

MICHAEL ANTHONY FORD,

Petitioner-Appellant,

versus

MICHAEL W. MOORE,
ROBERT A. BUTTERWORTH,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 2, 2002)**

Before BLACK and HULL, Circuit Judges, and HANCOCK[*], District Judge.

PER CURIAM:

_____

[*]Honorable James H. Hancock, U.S. District Judge for the Northern District of Alabama, sitting by designation.

This case involves the habeas corpus time limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Pub. L. No. 104-132, §101, 110 Stat. 1214, 1217 (codified in relevant part at 28 U.S.C. §2244 (1996)). AEDPA sets forth a one-year statute of limitations for a prisoner to apply for federal habeas relief from the judgment of a state court. The limitations period is tolled, however, while a properly filed state post-conviction petition or other collateral review attacking the pertinent judgment or claim is pending. At issue in this matter is whether AEDPA's statute of limitations is tolled when a state collateral attack does not present a federally cognizable claim. Upon review, we conclude the limitations period is tolled in such circumstances.

## I. BACKGROUND

On or about July 17, 2000, Appellant Michael Anthony Ford filed a federal habeas petition challenging his State of Florida conviction. In his petition, Appellant alleged the following facts:

On January 7, 1994, Appellant was convicted of attempted robbery with a firearm and attempted first degree murder with a firearm in Polk County, Florida. Appellant was sentenced to 30 years' imprisonment for the attempted robbery conviction and 27 years' imprisonment for the attempted murder conviction. The sentences were to run consecutively.

Following his convictions, Appellant filed a direct appeal in the Florida state courts. Appellant's conviction was affirmed by the Second District Court of Appeals for the State of Florida on August 18, 1995.

After exhausting his right to direct appeal, Appellant commenced collateral challenges to his conviction and sentence. On November 15,1995, Appellant filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850.[1] In his motion, Appellant argued his sentence was unconstitutional because it exceeded statutory limitations, he was denied the right to testify on his own behalf, and he received ineffective assistance from counsel. The motion was denied on November 26, 1996. On appeal, the Second District Court of Appeals for the State of Florida affirmed. Although Appellant sought rehearing, his request was denied and the mandate issued on November 2, 1998.

Following denial of his Rule 3.850 motion for relief, Appellant filed a motion to correct an illegal sentence pursuant to Florida Rule of Criminal

---

[1]A Rule 3.850 motion provides relief from judgment or release from custody on the following grounds: (1) the judgment or sentence violated the Constitution or state or federal laws; (2) the court lacked jurisdiction to enter the judgment; (3) the court lacked jurisdiction to impose the sentence; (4) the sentence exceeded the maximum authorized by law; (5) the plea was involuntary; or (6) the judgment or sentence is otherwise subject to collateral attack. *See* Fla. R. Crim. P. 3.850 (2001).

3

Procedure 3.800.[2]  The Rule 3.800 motion was filed on March 9, 1999.  In his motion, Appellant alleged his sentence was unconstitutional because it exceeded statutory limitations.  The motion was denied on May 10, 1999.  On appeal, the Second District Court of Appeals for the State of Florida affirmed.  Its mandate was issued on November 23, 1999.

On July 12, 2000, Appellant executed a *pro se* petition in federal court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his petition, Appellant raised the same claims presented in his earlier Rule 3.850 motion.[3]  The district court dismissed the petition as untimely.  Although the district court determined AEDPA's one-year statute of limitations, set forth in 28 U.S.C. § 2244(d), was tolled during the pendency of Appellant's Rule 3.850 motion, the court concluded the statute of limitations was not likewise tolled during the pendency of Appellant's Rule 3.800 motion because the Rule 3.800 motion did not present a federally cognizable claim.  Appellant timely filed this appeal.

---

[2]A Rule 3.800 motion may be filed to correct an illegal sentence, or to reduce or modify a legal sentence.  *See* Fla. R. Crim. P. 3.800 (2001).

[3]Appellant alleged his sentence was unconstitutional because it exceeded statutory limitations, he was denied the right to testify on his own behalf, and he received ineffective assistance from counsel.

## II. STANDARD OF REVIEW

We review *de novo* a district court's determination that a petition for federal habeas corpus relief is time-barred under section 2244(d). *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

## III. DISCUSSION

Under AEDPA, a prisoner in state custody generally must apply for a federal writ of habeas corpus within one year after the judgment of the state court becomes final. *See* 28 U.S.C. § 2244(d)(1) (2000). The one-year limitations period, however, is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2). In this case, Appellant pursued both direct and collateral review in state court. The parties agree the one-year limitations period was tolled during Appellant's direct appeal and his Rule 3.850 collateral challenge. At issue is whether the statute of limitations also was tolled during Appellant's Rule 3.800 collateral challenge. If the time Appellant's Rule 3.800 motion was pending qualifies for tolling under AEDPA, Appellant's federal habeas petition was timely; otherwise it was not.

The State of Florida[4] concedes Appellant's Rule 3.800 motion was "properly filed" as required by AEDPA's tolling provision. *See Artuz v. Bennett*, 531 U.S. 4, 8, 121 S. Ct. 361, 363-64 (2000).[5] The State also concedes Appellant's Rule 3.800 motion constituted an application for collateral review with respect to the pertinent judgment. Nevertheless, the State asserts the Rule 3.800 motion did not toll AEDPA's statute of limitations because the action did not contain a federally cognizable claim.[6] In resolving this issue, we begin by scrutinizing the language

---

[4]In his petition for habeas corpus relief, Appellant named Michael W. Moore, Secretary of the Department of Corrections for the State of Florida, and Robert A. Butterworth, Attorney General of the State of Florida, as respondents. Mr. Moore and Mr. Butterworth, in defending the action, represent the interests of the State of Florida.

[5]
> "An application is 'filed,' as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record. And an application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee."

*Id.* (citations omitted).

[6]We note at the outset of this opinion that Appellant has not conceded his Rule 3.800 motion failed to raise a federally cognizable claim. "A sentence that exceeds the statutory maximum has traditionally been viewed as a violation of the eighth amendment's prohibition against cruel and unusual punishment." *Ralph v. Blackburn*, 590 F.2d 1335, 1337 (5th Cir. 1979); *see also Echols v. Thomas*, 33 F.3d 1277, 1279 (11th Cir. 1994) ("Although Echols' sentencing claim ultimately turns on a question of State law, it properly falls within the scope of federal habeas

of AEDPA's tolling provision.  Then, we examine the cases discussing the

provision.

     A. Language of AEDPA's Tolling Provision

     As with any question of statutory interpretation, we begin by examining the

text of the statute to determine whether its meaning is clear.  *See Hughes Aircraft*

*Co. v. Jacobson*, 525 U.S. 432, 438, 119 S. Ct. 755, 760 (1999); *Cmty. for Creative*

*Non-Violence v. Reid*, 490 U.S. 730, 739, 109 S. Ct. 2166, 2172 (1989); *United*

*States v. Gilbert*, 198 F.3d 1293, 1298 (11th Cir. 1999).  "In construing a statute

we must begin, and often should end as well, with the language of the statute

itself."  *United States v. Steele*, 147 F.3d 1316, 1318 (11th Cir. 1998) (en banc)

(quoting *Merritt v. Dillard Paper Co.*, 120 F.3d 1181, 1185 (11th Cir. 1997)).  We

do this because we "presume that Congress said what it meant and meant what it

said."  *Steele*, 147 F.3d at 1318.

---

corpus review because 'the eighth amendment bars a prison sentence beyond the
legislatively created maximum.'"). A Rule 3.800 motion is reserved for cases in
which the sentence imposed is not authorized by law such as "where the sentence
exceeds the statutory maximum sentence for the crime charged." *Wyche v. State*,
624 So. 2d 830, 832 (Fla. 1st DCA 1993).  We need not reach, however, whether
Appellant's Rule 3.800 motion raises a federal claim because we conclude his Rule
3.800 motion tolls AEDPA's limitations period even if it only contains a state law
claim.

The relevant tolling provision of AEDPA provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The phrase "judgment or claim" is not defined by the statute, but its meaning is not ambiguous.

As is apparent from the full text of section 2244(d), the term "judgment" is distinct from the term "claim." Section 2244(d)(1), which precedes the tolling provision, states: "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the *judgment of a State court*." 28 U.S.C. §2244(d)(1) (emphasis added). Then, in sections 2244(d)(1)(A) and (D), the limitations period is statutorily prescribed to run from either "the date on which the *judgment* became final" or "the date on which the factual predicate of the *claim or claims* presented could have been discovered through the exercise of due diligence." 28 U.S.C. §2244(d)(1)(A), (d)(1)(D) (emphasis added). Reading the text of section 2244(d) in its entirety, it is clear Congress understood the ordinary meaning of the term "judgment," and that such term was not synonymous with "claim."

The language of the statute expressly provides tolling for any properly filed collateral challenge relating to a judgment. By its own terms, the statute does not limit tolling solely to collateral attacks which contain federally cognizable claims. Rather, the statute specifically provides tolling for any post-conviction petition for relief with respect to the pertinent judgment. Construing AEDPA's tolling provision to apply only to state challenges involving a federal claim renders the term "judgment" superfluous. *See Legal Envtl. Assistance Found., Inc. v. EPA*, 276 F.3d 1253, 1258 (11th Cir. 2001) ("[I]t is an elementary principle of statutory construction that, in construing a statute, we must give meaning to all the words in the statute."); *United States v. Canals-Jimenez*, 943 F.2d 1284, 1287 (11th Cir. 1991) ("A basic premise of statutory construction is that a statute is to be interpreted so that no words shall be discarded as being meaningless, redundant, or mere surplusage."). To give effect to the clear language of the statute, we must conclude AEDPA's statute of limitations is tolled while a state post-conviction petition or other collateral review attacking the pertinent judgment is pending regardless of whether the basis of the attack is grounded in federal or state law.

B. Cases discussing AEDPA's tolling provision

Since its enactment in 1996, only three circuits have directly addressed the issue of whether AEDPA's one-year statute of limitations is tolled during the

9

pendency of a state post-conviction petition or other application for collateral review that does not contain a federally cognizable claim.[7]  The Sixth Circuit, relying primarily on the federal habeas exhaustion provision and principles of comity, concluded AEDPA's limitations period is tolled only if a prisoner includes in his state post-conviction petition a federal or constitutional law issue which also is raised in his federal habeas petition.  *See Austin v. Mitchell*, 200 F.3d 391 (6th Cir. 1999).  The Ninth Circuit and Seventh Circuit, relying on the plain language of AEDPA's tolling provision, determined the limitations period is tolled so long as the state post-conviction petition attacks the pertinent judgment or claim.  *See Carter v. Litscher*, 275 F.3d 663 (7th Cir. 2001); *Tillema v. Long*, 253 F.3d 494 (9th Cir. 2001).

---

[7]Appellant argues this Court addressed the issue in *Webster v. Moore*, 199 F.3d 1256 (11th Cir. 2000). *Webster*, however, merely addressed the "properly filed" requirement of AEDPA's tolling provision. *Id.* at 1257-59.  Nonetheless, *Webster* set forth the requirements the petitioner needed to establish for his federal habeas petition to be timely: (1) the motions for post-conviction relief were properly filed; and (2) the motions were pending for a sufficient length of time. *Id.* at 1257-58.  From these requirements, it could be implied there is no requirement state post-conviction petitions must contain a federally cognizable claim.  We, however, did not squarely address the issue in *Webster*.

In *Austin*, the Sixth Circuit analogized AEDPA's tolling provision to the exhaustion provision of the basic federal habeas statute, 28 U.S.C. § 2254(c).[8]  200 F.3d at 394.  The Supreme Court has held the federal habeas exhaustion provision is not meant to apply to purely state law or state constitutional claims.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732 (1999).  *Austin*, therefore, reasoned AEDPA's tolling provision, which also is part of the basic federal habeas statute, likewise was not meant to apply to state post-conviction petitions or collateral challenges which do not contain a federal claim.  200 F.3d at 394.

Subsequent to the Sixth Circuit's decision in *Austin*, the Supreme Court discussed AEDPA's tolling provision in the context of addressing the "properly filed" requirement.  *See Artuz v. Bennett*, 531 U.S. 4, 10, 121 S. Ct. 361, 364-65 (2000).  Despite recognizing that both parties advanced arguments based on the habeas statute's exhaustion provision, the Court declined to address those arguments, stating:

> Whatever merits these and other policy arguments may have, it is not
> the province of this Court to rewrite the statute to accommodate them.

---

[8]The federal habeas exhaustion provision states: "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c) (2000).

11

We hold as we do because respondent's view seems to us the only permissible interpretation of the text -- which may, for all we know, have slighted policy concerns on one or the other side of the issue as part of the legislative compromise that enabled the law to be enacted.

*Id*. at 10, 121 S. Ct. at 365.

In light of the Supreme Court's opinion in *Artuz*, the Ninth Circuit and Seventh Circuit relied primarily on the plain language of AEDPA's tolling provision when interpreting the statute. Both Circuits concluded the plain language of the statute merely demands a state challenge relate to the pertinent judgment or claim at issue, not that the state challenge must be based on a federally cognizable claim. Despite relying on the plain language of the statute, both the Ninth and Seventh Circuits addressed *Austin's* policy-based reasoning. In doing so, the Circuits highlighted the distinction between tolling and exhaustion. *See Carter*, 275 F.3d at 665; *Tillema*, 253 F.3d at 499-501. As stated in *Carter*:

A state court must be given the first opportunity to address the federal issue; but this exhaustion requirement can be satisfied on direct appeal as well as on collateral attack. Usually it is preferable to raise the federal question as soon as possible, which means at trial and on direct appeal. This does not imply, however, that state prisoners must proceed immediately from their direct appeals to federal collateral attacks. A state collateral proceeding based solely on state-law issues may avoid the need for federal relief, and a tolling rule permits prisoners to pursue such theories in state court without jeopardizing their ability to raise the federal constitutional issues later in federal court, if that proves to be necessary.

12

275 F.3d at 665 (citations omitted).[9] In addition to refuting *Austin's* policy-based reasoning, both *Tillema* and *Carter* emphasized *Austin's* failure to recognize the plain language of AEDPA's tolling provision, which by its terms appears to allow tolling for any state post-conviction or collateral challenge as long as it relates to the pertinent judgment or claim at issue in the federal habeas action.

For the reasons discussed above, we now join with the Ninth and Seventh Circuits and conclude, based on the plain language of AEDPA's tolling provision,

---

[9]Similarly, *Tillema* commented:

> In any event, it is clear that our holding will advance, rather than undermine, the policies of comity and federalism upon which AEDPA was enacted. Tolling AEDPA's limitations period during the pendency of a state collateral proceeding that attacks the pertinent judgment is consistent not only with the plain language of the statute, but also with the principle that state courts should be afforded "the unfettered first opportunity to review the prisoner's claim and to provide any necessary relief." Allowing the state that opportunity without premature federal interference "reinforces comity and respect between our respective judicial systems," and may well obviate the need for any federal review at all: when a state court is willing to entertain a challenge to the validity of the pertinent judgment, a result that is favorable to the petitioner will ordinarily avert any federal intervention regarding the legality of the prisoner's continued confinement. By contrast, were we to deny tolling of AEDPA's limitation period on the ground suggested by the state, habeas petitioners might be compelled to forego available state-law remedies so as not to forfeit their opportunities for federal review of substantial federal claims that were exhausted fully on direct appeal.

253 F.3d at 501 (citations omitted).

13

the federal habeas statutory limitations period is tolled regardless of whether a properly filed state post-conviction petition or other collateral review raises a federally cognizable claim.

## IV. CONCLUSION

Appellant's Rule 3.800 motion attacked the pertinent judgment likewise the subject of his federal habeas petition. As a result, Appellant's AEDPA statute of limitations was tolled during the pendency of the Rule 3.800 motion. Accordingly, the decision of the district court is reversed.

REVERSED.