**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

JOHN C. WALKOWIAK,
             *Petitioner-Appellant,*

v.

WILLIAM S. HAINES, Warden,
Huttonsville Correctional Center,
             *Respondent-Appellee.*

No. 00-7163

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, Chief District Judge.
(CA-99-139-1)

Argued: September 25, 2001

Decided: November 13, 2001

Before LUTTIG, WILLIAMS, and GREGORY, Circuit Judges.

---

Affirmed by published opinion. Judge Luttig wrote the opinion, in which Judge Williams and Judge Gregory joined.

---

### COUNSEL

**ARGUED:** William C. Garrett, Gassaway, West Virginia, for Appellant. Dawn Ellen Warfield, Deputy Attorney General, Charleston, West Virginia, for Appellee. **ON BRIEF:** Darrell V. McGraw, Jr., Attorney General, Charleston, West Virginia, for Appellee.

**OPINION**

LUTTIG, Circuit Judge:

John C. Walkowiak was convicted in West Virginia state court on a series of charges arising out of an aggravated robbery. J.A. 9-14. His conviction became final for purposes of 28 U.S.C. § 2244(d)(1)(A) of the Antiterrorism and Effective Death Penalty Act (AEDPA), on September 2, 1997, and, on that date, the one-year statute of limitations governing Walkowiak's filing of a federal habeas corpus petition began to run. J.A. 13.

On September 25, 1997, Walkowiak filed a motion under West Virginia Rule of Criminal Procedure 35(b) for "Correction or reduction of sentence." J.A. 18-21. His Rule 35(b) motion remained pending until February 13, 1998. J.A. 34-35.

Walkowiak thereafter filed a petition for federal habeas corpus on July 23, 1999. The federal district court dismissed this petition as untimely, holding that the statute of limitations in 28 U.S.C. § 2244(d)(2) was not tolled during the pendency of Walkowiak's Rule 35(b) motion. From this judgment of dismissal, Walkowiak appeals.

We conclude that motions under West Virginia Rule 35(b) for reduction of sentence do not constitute applications for "state post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2), during the pendency of which the AEDPA's one-year statute of limitations is tolled. Accordingly, we affirm.

I.

The straightforward issue presented for our consideration is whether a motion under Rule 35(b) constitutes an application for "State post-conviction or other collateral review" within the meaning of section 2244(d)(2).* If it does, then the applicable one-year statute

---

*Rule 35 provides as follows:

(b) Reduction of Sentence. A motion to reduce a sentence may be made, or the court may reduce a sentence without motion

of limitations is tolled during the pendency of such motion; if it does not, then the statute continues to run during the time that such a motion is before the state court.

Section 2244(d)(2) provides in relevant part as follows:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The phrase "State post-conviction or other collateral review" is not defined within the AEDPA. However, under the plain language of section 2244(d)(2) — "State post-conviction or *other* collateral review" (emphasis added) — the applicable one-year statute of limitations is tolled only for state *collateral*, post-conviction review. *See Duncan* v. *Walker*, 121 S. Ct. 2120, 2127 (2001) (noting that "Congress also may have employed the construction 'post-conviction or other collateral' in recognition of the diverse terminology that different States employ to represent the different forms of *collateral* review that are available after a conviction") (emphasis added). This plain language interpretation of the section gives meaning to each and every word of the provision, which a reading of the statute to require tolling during *any* form of review after conviction (collateral or otherwise) would not.

The question before us therefore ultimately devolves into one of whether a motion under West Virginia Rule of Criminal Procedure

---

within 120 days after the sentence is imposed or probation is revoked, or within 120 days after the entry of a mandate by the supreme court of appeals upon affirmance of a judgment of a conviction or probation revocation or the entry of an order by the supreme court of appeals dismissing or rejecting a petition for appeal of a judgment of a conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

35(b) constitutes an application for "collateral review." We conclude that it does not.

## II.

Generally, the term "collateral review" refers to a proceeding separate and distinct from that in which the original judgment was rendered, and in which the petitioner challenges the legality of the original judgment. *See* Black's Law Dictionary (7th ed., 1999) (defining collateral attack as "[a]n attack on a judgment entered in a different proceeding. * A petition for a writ of habeas corpus is one type of collateral attack"). A motion under West Virginia Rule of Criminal Procedure 35(b) is neither, properly understood, a proceeding separate and distinct from the proceeding in which the original judgment was rendered, nor even a proceeding in which the legality of the original judgment is attacked.

## A.

Often, even if not always, collateral review is conducted at least by a different judge, if not by a different court altogether, because it is the judgment of the original forum that is drawn into question in the collateral proceeding. Because a Rule 35(b) motion is heard by the same court that sentenced the defendant and, further, as we explain below, because the Rule does not address the preclusive effect of prior proceedings, we are satisfied that proceedings under West Virginia Criminal Procedure Rule 35(b) are most appropriately understood as part and parcel of the original proceeding in which the defendant was sentenced, not as a separate proceeding.

Rule 35(b) quite obviously contemplates that the defendant return to the same court, and plead for mercy before the same judge, that imposed the original sentence. Upon motion, and in his discretion, that same judge is authorized to modify the sentence before he "*takes leave of the case.*" *United States* v. *DeCologero*, 821 F.2d 39, 41 (1st Cir. 1987) (cited in *Head*, 480 S.E.2d at 514-15 (Cleckley, J., concurring)) (describing Federal Rule of Criminal Procedure 35(b), which, at the time, was virtually identical to the current West Virginia Rule 35(b), as "operat[ing] as a final glance backward before *the sentencing judge takes leave of the case*") (emphasis added). This is precisely

what occurred in the case now before us. Judge Cline sentenced Walkowiak. Subsequently, Walkowiak filed his Rule 35(b) motion and accompanying letters with Judge Cline. J.A. 24-25, J.A. 31-32. In turn, Judge Cline modified Walkowiak's sentence. J.A. 34-35.

The common-sense conclusion that such a proceeding is not separate and distinct from that in which the original judgment was entered (at least not for purposes of determining whether the proceeding is "collateral"), but rather is most appropriately understood as one in the same with the original proceeding in which the sentence was actually imposed, is reinforced by the absence of any provision in the Rule regarding the preclusive effect given to prior proceedings. Generally, in collateral proceedings, provisions are made for the preclusion or limitation of further review of at least some aspects of the prior judgment. Rule 35(b) is silent on both the *res judicata* and collateral estoppel effect to be afforded the original sentencing proceeding. The reason for this silence appears obvious: The Rule 35(b) proceeding is, in effect, part and parcel of the same proceeding in which the defendant was sentenced.

## B.

Just as a "collateral" proceeding typically connotes a proceeding separate and distinct from an earlier proceeding, so also does it typically entail a challenge to the legality of the earlier proceeding or judgment.

Not only does a motion under West Virginia Rule 35(b) not allege that a legal error was committed by the court in which the original sentence was imposed, such motion does not allege any error at all. To the contrary, a Rule 35(b) motion is simply "*a plea for leniency* from a *presumptively valid conviction.*" *West Virginia* v. *Head*, 480 S.E.2d 507, 515 (1996) (Cleckley, J., concurring) (citing *United States* v. *Colvin*, 644 F.2d 703, 705 (8th Cir. 1981)) (emphasis added). The only issue before the court on a Rule 35(b) motion is whether the defendant, although sentenced in conformity with applicable laws, nevertheless presents some compelling *non-legal* justification that warrants mercy. Claims of legal error, by contrast, are brought by motion under West Virginia Rule 35(a) ("The court may

correct an illegal sentence . . . .") or under habeas statute, not under Rule 35(b).

Fully consistent with this understanding that a petitioner does not assign errors of law in a motion filed under Rule 35(b), Walkowiak did not seek relief under law in his Rule 35(b) motion. He sought, instead, as envisioned by the Rule, mercy from the court, on the basis of a variety of asserted mitigating circumstances. *See* Motion to Reduce Sentence, J.A. 18-21 (listing the following as grounds to modify the sentence: "The Defendant has No Prior Criminal History," "The Defendant Has Dependents to Support," "The Defendant has a Strong Work History," "The Defendant is Educated," "The Defendant is in Excellent Physical Condition," "The Defendant's Family and Friends," "Incarceration Has Changed the Defendant," "The Defendant is Responsible"). Walkowiak did not "attack" his sentence — legally or otherwise — much less present arguments, which, if meritorious, would require sentence modification as a matter of law. Walkowiak simply appealed to the court's sense of compassion, as provided for by Rule 35(b). J.A. 19-20 (reciting that "[t]he defendant is needed to support his fiancee, child, mother and sister"; "[t]he defendant has strong family ties and is sorely missed by his family and friends").

## C.

A contrast of West Virginia Rule 35(b) with two proceedings that we know entail collateral review, Fla. R. Crim. P. 3.850 (a statute that the Supreme Court in *Duncan* v. *Walker*, 121 S. Ct. 2120, 2127 (2001), described as providing post-conviction collateral review) and W. Va. Code § 53-4A-1 (habeas corpus statute), while not alone dispositive, only confirms our conclusion that a proceeding pursuant to Rule 35(b) is not "collateral" in nature.

In contrast to proceedings under Rule 35(b), proceedings under West Virginia's habeas statute are unmistakably separate and distinct from the original criminal proceeding in which the defendant was convicted and sentenced. First, as the habeas statute provides, "[a]ll proceedings in accordance with this article *shall be civil in character and shall under no circumstances be regarded as criminal proceedings or a criminal case*." W. Va. Code § 53-4A-1(a) (emphasis

added). Second, further reinforcing the conclusion as to their separateness from the original proceeding of conviction and sentence, under West Virginia law habeas petitions may be filed in any of the courts throughout the state, *id*., rather than exclusively in the court that sentenced the defendant. Third, provision is made in the West Virginia habeas statute for preclusion regarding prior proceedings. W. Va. Code § 53-4A-1(b) (collateral estoppel); W. Va. Code § 53-4A-1(c) (*res judicata*). Finally, and significantly, in stark contrast to Rule 35(b), West Virginia's habeas statute clearly provides for legal challenges to the original judgment. *See* W. Va. Code § 53-4A-1(a) (listing jurisdictional objections, claims asserting that judgment violated federal or state laws, that sentence exceed statutory maximum, and other collateral claims, as grounds for a motion).

Similarly to West Virginia's habeas statute, and also quite unlike proceedings under West Virginia Rule of Criminal Procedure 35(b), Florida law likewise provides both for preclusion regarding prior proceedings and for legal challenges to the original judgment of conviction and sentence, features typically associated with collateral proceedings. *See* Fla. R. Crim. P. 3.850(a), (e) (listing categories of claims that may or may not be raised); Fla. R. Crim. P. 3.850(a) (setting forth legal grounds upon which prior judgment may be challenged).

## *CONCLUSION*

Because the consideration of a motion under West Virginia Criminal Procedure Rule 35(b) is part and parcel of the original proceeding in which the defendant was sentenced and does not entail a legal challenge to the original sentence, we hold that such a proceeding is not "collateral" within the meaning of section 2244(d)(2) and therefore that the one-year statute of limitations period of that provision is not tolled during the pendency of such proceeding. Accordingly, Walkowiak's federal habeas petition was properly dismissed by the district court as untimely.

The judgment of the district court is affirmed.

*AFFIRMED*