816 So.2d 778 (2002)
Howard ALEXANDER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-752.
District Court of Appeal of Florida, Second District.
May 10, 2002.
*779 Howard Alexander, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
Howard Alexander seeks review of the trial court's order denying his motion to mitigate his sentence. He petitions for a writ of certiorari arguing that the trial court erred in denying his motion after a hearing at which he was not present. We grant his petition and quash the order.
After this court affirmed his judgment and sentence for manslaughter and grand theft, Alexander timely filed a motion to mitigate his sentence pursuant to Florida Rule of Criminal Procedure 3.800(c). The trial court, without notice to Alexander, held a hearing on that motion on January 24, 2001. Even though Alexander was in the State's custody, neither he nor his attorney appeared at the hearing. On January 26, 2001, Alexander received a notice from the clerk of the circuit court advising him that his motion was "heard in court and was denied." The clerk attached a copy of the court's calendar which indicated that the motion was denied with the notation "no one present."
Although orders issued pursuant to rule 3.800(c) are not appealable, we may exercise our certiorari jurisdiction to review such an order. Brown v. State, 707 So.2d 1191 (Fla. 2d DCA 1998).
Alexander maintains that he has been denied due process, suggesting that either the State had the opportunity to provide ex parte communication to the court or the court had failed to address the merits of his motion, merely denying the same because no one was there to argue the merits. The State denies that any ex parte communication took place here. However, it concedes that the trial court did not decide the motion on its merits but merely denied it because neither Alexander nor his attorney was present. The State asserts that the order should be quashed and the motion returned to the *780 trial court for consideration on its merits. We agree.
A ruling on a motion to reduce or modify sentence is one subject to the trial court's discretion, see State v. Richardson, 766 So.2d 1111 (Fla. 3d DCA 2000), and does not require an evidentiary hearing. However, Alexander is entitled to a ruling on the merits of the motion and, if a hearing is to be held, to be present.
Accordingly, we grant the petition for a writ of certiorari, quash the order denying the motion to mitigate, and remand to the trial court for consideration of the motion on its merits. The trial court may determine the motion with or without a hearing; however, if the trial court chooses to hold a hearing, Alexander should be given the opportunity to attend and participate.
GRANTED.
NORTHCUTT and KELLY, JJ., Concur.