

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-9-2007

# Hartmann v. Carroll

Precedential or Non-Precedential: Precedential

Docket No. 04-4550

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Hartmann v. Carroll" (2007). *2007 Decisions.* Paper 665.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/665

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-4550

DETLEF F. HARTMANN,

Appellant

v.

THOMAS CARROLL, Warden;
ATTORNEY GENERAL OF STATE OF DELAWARE

On Appeal from the United States District Court
for the District of Delaware
(D. C. No. 03-cv-00796)
District Judge: Hon. Joseph J. Farnan, Jr.

Argued on February 1, 2007

Before: BARRY and ROTH, <u>Circuit Judges</u>
IRENAS*, <u>District Judge</u>

(Filed: July 9, 2007)

Christopher R. Nestor, Esquire **(Argued)**
David R. Fine, Esquire
Kirkpatrick & Lockhart Preston Gates Ellis
17 North Second Street
18th Floor
Harrisburg, PA    17101-1507

        Counsel for Appellant


Elizabeth R. McFarlan, Esquire **(Argued)**
Deputy Attorney General
Delaware Department of Justice
820 North French Street
State Office Building
Wilmington, DE 19801

        Counsel for Appellees

---

**OPINION**

---

Honorable Joseph E. Irenas, United States District Court Judge for the District of New Jersey, sitting by designation.

**ROTH**, <u>Circuit Judge</u>:

Detlef F. Hartmann is an inmate at the Delaware Correctional Center in Smyrna, Delaware. He has filed an application for federal habeas relief under 28 U.S.C. § 2254. The United States District Court for the District of Delaware dismissed the application as time-barred under the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1). Hartmann appeals, arguing that his application was timely because his filing of various motions in Delaware state court tolled the limitations period in accordance with § 2244(d)(2). Because we conclude that Hartmann's motion under Delaware Superior Court Criminal Rule 35(b) did not meet the tolling requirements of § 2244(d)(2), we will affirm the judgment of the District Court, dismissing Hartmann's petition as untimely.

## I. **Background**

On March 29, 2001, Hartmann pled guilty in Delaware Superior Court to one count of second degree unlawful sexual intercourse and two counts of unlawful sexual contact. The victim of each count was a minor child. Hartmann was immediately sentenced, consistent with the plea agreement, to an aggregate of nineteen years of incarceration, suspended with decreasing levels of supervision after the mandatory minimum term of ten years. Hartmann did not appeal either his conviction or his sentence.

On June 29, 2001, pursuant to Delaware Superior Court Criminal Rule 35(b), Hartmann filed a *pro se* motion in the Superior Court for sentence reconsideration, reduction, or

modification.[1] In this motion, he sought a reduction in his sentence on the basis of thirteen "mitigating circumstances."[2] The Superior Court denied the motion on June 25, 2002, noting that it had no discretion to reduce a mandatory minimum sentence.

On November 12, 2002, Hartmann filed another motion,

---

[1]DEL. SUPER CT. CRIM. R. 35(b) provides, in full:

*Reduction of Sentence.* The court may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed. This period shall not be interrupted or extended by an appeal, except that a motion may be made within 90 days of the imposition of sentence after remand for a new trial or for resentencing. The court may decide the motion or defer decision while an appeal is pending. The court will consider an application made more than 90 days after the imposition of sentence only in extraordinary circumstances or pursuant to 11 Del. C. § 4217. The court will not consider repetitive requests for reduction of sentence. The court may suspend the costs or fine, or reduce the fine or term or conditions of partial confinement or probation, at any time. A motion for reduction of sentence will be considered without presentation, hearing or argument unless otherwise ordered by the court.

[2]Hartmann filed a duplicate of this motion on July 26, 2001. The filing of this duplicate did not appear to affect the Superior Court's review and certainly did not change the dates during which the original motion was pending.

4

entitled "Motion to Dismiss."[3]   In this motion, Hartmann challenged the jurisdiction of the Superior Court over the charges in his indictment and alleged that his counsel had been ineffective.  On November 19, 2002, the Superior Court struck the motion, noting that a motion to dismiss was improper because Hartmann's convictions were final.  On March 20, 2003, the Delaware Supreme Court affirmed this order, explaining that the Superior Court did not abuse its discretion in striking the motion as a nonconforming document "to the extent that" the motion did not comply with Rule 61.  The Supreme Court also determined that Hartmann's substantive argument was meritless.

On August 4, 2003, Hartmann filed a habeas petition for federal collateral relief under 28 U.S.C. § 2254.  The District Court dismissed the petition as time-barred under the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1).  The District Court found that Hartmann's conviction had become final on April 30, 2001, and that he did not file his § 2254 petition until August 4, 2003—well over two years later. Although the application would have been timely had the limitations period been tolled both by the Rule 35(b) motion and by the "Motion to Dismiss," the District Court determined that Hartmann's "Motion to Dismiss" could not toll the limitations period because it was not a "properly filed" application for state

---

[3]Motions to dismiss are governed by DEL. SUPER CT. CRIM. R. 12.  Under Rule 12(b)(2), motions alleging defects in the indictment must be raised prior to trial, though motions alleging failures of jurisdiction or failures to charge a crime may be raised at any time during the pendency of the proceedings.

5

post-conviction relief under § 2244(d)(2). Thus, the District Court found that the period from November 12, 2002, through March 20, 2003, should be counted as part of Hartmann's one-year allowance and that, as a result, Hartmann's § 2254 petition was untimely regardless of whether his Rule 35(b) motion tolled the limitations period. The District Court therefore declined to rule on the tolling effect of Hartmann's Rule 35(b) motion.

On November 1, 2005, a three-judge panel of our Court issued a certificate of appealability under 28 U.S.C. § 2253(c)(1) with regard to the District Court's ruling that Hartmann's § 2254 petition was time-barred. We requested briefing with respect to the applicability of statutory tolling on the Rule 35(b) motion and the "Motion to Dismiss."

## II.  Jurisdiction and Standard of Review

The District Court exercised jurisdiction over Hartmann's petition pursuant to 28 U.S.C. § 2254(a). We have jurisdiction of this appeal pursuant to 28 U.S.C. §§ 1291 and 2253. Our review of the timeliness of a federal habeas application is plenary. *See Nara v. Frank*, 264 F.3d 310, 314 (3d Cir. 2001).

## III.  Discussion

With the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Congress established a one-year limitations period within which a person in custody pursuant to the judgment of a state court may file an application in federal court

6

for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1).[4] Absent a state-created impediment to filing or the development of new constitutional rights or discoverable facts, none of which is present in this case, the limitations period runs from the date on which the state conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). Because Hartmann did not seek

---

[4]28 U.S.C. § 2244(d)(1) provides, in full:

     A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

7

direct review of his sentence or his conviction, his conviction became final on the date on which his time for seeking direct review expired. In Delaware, a direct appeal of a criminal conviction must be filed within thirty days after the date of conviction. DEL. SUPR. CT. R. 6(a)(iii). Hartmann was convicted on March 29, 2001, and his conviction became final on April 30, 2001.[5] Therefore, absent any tolling, Hartmann had until April 30, 2002, to file a federal habeas application that was timely under 28 U.S.C. § 2244(d)(1). Hartmann did not file his § 2254 petition until August 4, 2003.

In AEDPA, Congress also provided a statutory mechanism by which petitioners may toll the one-year limitations period prescribed in § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Hartmann claims that his limitations period was tolled under § 2244(d)(2) during two periods of time: first, during the pendency of his Rule 35(b) motion, from June 29, 2001, through June 25, 2002; and second, during the pendency of his "Motion to Dismiss," from November 12, 2002, through March 20, 2003. For Hartmann's § 2254 petition to be timely under § 2244(d)(1), both motions must have had the effect of tolling the limitations period; the time gained from either one,

_____

[5]The date thirty days after his conviction fell on a Saturday, and so the conviction became final on the following Monday pursuant to DEL. SUPR. CT. R. 11(a).

8

without the other, is insufficient.[6]

We look first to the Rule 35(b) motion. The question we address is whether Hartmann, by filing a motion under Delaware Superior Court Criminal Rule 35(b), filed an "application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" capable of tolling the one-year limitations period for filing a federal habeas application. To answer this question, we first must understand what Hartmann was requesting when he filed for relief under Rule 35(b). Unlike Delaware Superior Court Criminal Rule 35(a), which allows a court to "correct an illegal sentence," and Rule 61, which governs the procedures by which a person can challenge a judgment on the ground that "the court lacked jurisdiction or on any other ground that is a sufficient factual and legal basis for a collateral attack," Rule 35(b) "allows for a reduction of sentence *without regard to the existence of a legal defect*." *State v. Lewis*, 797 A.2d 1198, 1201 (Del. 2002) (emphasis added). A Rule 35(b) motion is a plea for leniency, directed toward the sentencing court, which seeks discretionary relief based on mercy and grace, rather than on the law. A prisoner may make such a motion only once and, except in extraordinary circumstances, must file the motion within 90 days of the date on which the sentence was imposed or forfeit the right to do so. If the 90-day deadline is read together with the 30-day deadline for filing a direct appeal, most prisoners who file a Rule 35(b)

---

[6]This appeal is limited to the issue of statutory tolling, and consequently, we do not address the question of equitable tolling, which the District Court considered and resolved in favor of Appellees.

9

motion will do so during the pendency of the direct appeal.[7] Importantly, a prisoner is not obligated to seek relief under Rule 35(b); Delaware's direct and collateral appellate review mechanisms operate independently of the Rule 35(b) procedures by which a prisoner may seek discretionary leniency.[8]

---

[7]Indeed, Rule 35(b) expressly provides that the sentencing court has discretion either to decide the motion or to defer decision while the appeal is pending.

[8]It is possible that a prisoner might file what is ostensibly a motion under Rule 35(b) and yet intend to seek relief other than discretionary leniency. We note this possibility because we bear in mind that *pro se* filings are to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247 (3d Cir. 1999). Nonetheless, construing Hartmann's motion liberally, we find that it is a pure plea for leniency in which Hartmann does not challenge the legality of his conviction or sentence. It is true that in seeking mercy, Hartmann referred to several bumps in the road toward his conviction and sentencing, including his confusion during the proceedings and his miscommunications with his attorney. He recited these facts, however, not to challenge the lawfulness of the proceedings, but to better establish his sympathetic character. Hartmann's motion was written to persuade the Superior Court of his remorse, his history as a family man and productive member of the community, and the unlikeliness that he would repeat his offense. The Delaware courts interpreted Hartmann's Rule 35(b) motion as a pure plea for leniency, and so shall we.

10

Thus, we are presented with the question: Does a properly filed plea for leniency, by which the prisoner seeks discretionary mercy and does not challenge the lawfulness of the sentence, toll the one-year limitations period for filing federal habeas application? In approaching this question, we are reminded that our Court has taken a "flexible approach" toward interpreting § 2244(d)(2). *See Nara*, 264 F.3d at 315. Flexibility, however, is not without limits; the application of a flexible approach requires recognition of the limits past which the rule in question will not bend.

*Nara* involved a state court prisoner who had collaterally challenged his mental competence to enter a guilty plea but who had withdrawn his challenge after being informed that he had already litigated the issue in an earlier collateral proceeding. He then filed a motion to withdraw his guilty plea *nunc pro tunc*. *Id.* at 313. In a habeas proceeding before us, we held that, under our "flexible approach," Nara's motion was "certainly akin to an application for state post-conviction or other collateral review." *Id.* at 316. Our decision was informed by the full consideration given to the motion by the state court. *Id.* Even though Nara's motion to withdraw the guilty plea was substantially similar to the earlier petition, we concluded that we would toll the § 2244(d)(1) limitations period during the pendency of the motion because the motion attacked the lawfulness of the prisoner's conviction in a procedure designed to allow post-conviction review of a previously litigated issue; thus, we deemed the motion to be properly filed under state law.

Here, however, we have a state court proceeding that is not attacking the lawfulness of the conviction or of the sentence.

11

The motion here is for a discretionary exercise of leniency by the sentencing judge – leniency despite a conviction and a sentence which are not claimed to be invalid.

We are aware of three other federal courts of appeals that have considered this question. Their opinions are discordant. The Fourth Circuit has held that a motion for reduction of sentence under West Virginia Rule of Criminal Procedure 35(b) is not an "application for State post-conviction or other collateral review" capable of tolling the limitations period under 28 U.S.C. § 2244(d)(2). *Walkowiak v. Haines*, 272 F.3d 234, 239 (4th Cir. 2001). The Fourth Circuit reasoned that a motion for reduction of sentence on grounds of leniency cannot qualify as seeking review collateral to the original proceeding because (1) the review procedures are not "separate and distinct" from the original and (2) the prisoner does not allege that any legally cognizable error was committed. *See Walkowiak*, 272 F.3d at 237-38. We agree with the Fourth Circuit that for an application to be for "post-conviction or other collateral review," the applicant must seek review that is collateral to the original judgment.

Similarly, the Eleventh Circuit has held that a prisoner does not toll the limitations period pursuant to § 2244(d)(2) by requesting review of his or her sentence pursuant to section 17-10-6 of the Georgia Code, which provides for review by a three-judge panel to determine whether the sentence imposed was "excessively harsh." *Bridges v. Johnson*, 284 F.3d 1201, 1203-04 (11th Cir. 2002). The court concluded that a judicial review procedure for determining whether a sentence is excessively harsh does not toll the limitations period of § 2244(d)(1)

"because it does not promote exhaustion by giving state courts the opportunity to consider federal-law challenges to state court judgments, and it does not promote finality of state court judgments by reducing the time in which federal review is sought." *Bridges*, 284 F.3d at 1203.

The Tenth Circuit, however, has determined that the limitations period *is* tolled pursuant to § 2244(d)(2) by a motion for reduction of sentence under Colorado Rule of Criminal Procedure 35(b), *Robinson v. Golder*, 443 F.3d 718, 720-21 (10th Cir. 2006), and by a motion for modification of sentence under New Mexico Rule of Criminal Procedure 5–801(B). *Howard v. Ulibarri*, 457 F.3d 1146, 1149-50 (10th Cir. 2006). The Tenth Circuit based its decisions on comity because the state court had retained jurisdiction of the leniency proceeding during its pendency. We note, however, that the language of § 2244(d)(2) specifies that the section is tolled only by "state post-conviction or other collateral review" – not by just any pending state court proceeding. For that reason, we are not persuaded by the reasoning of the Tenth Circuit.

Moreover, Congress, in enacting AEDPA, intended to further principles of comity, finality, and federalism, which are promoted in large part through the requirement, set forth in 28 U.S.C. § 2244(b), that state remedies be exhausted before seeking federal review. *Duncan v. Walker*, 533 U.S. 167, 178 (2001); *Williams v. Taylor*, 529 U.S. 420, 436 (2000). As such, the Supreme Court repeatedly has explained that courts are to evaluate the tolling rules of 28 U.S.C. § 2244(d) together with the exhaustion requirement. Specifically, we are instructed to seek a construction of § 2244(d)(2) which "promotes the

13

exhaustion of state remedies while respecting the interest in the finality of state court judgments." *Duncan*, 533 U.S. at 178. The exhaustion requirement, in turn, "ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment." *Id.* at 178-79. Obviously, when a prisoner in state custody opts to file a motion for discretionary leniency, the state is not being asked to correct errors of legal moment. Whatever interest the state has in deciding the motion, its interest is not one in correcting errors before the federal courts assume jurisdiction.

This understanding is confirmed by the Supreme Court's recent pronouncement that "AEDPA's exhaustion provision and tolling provision work together." *Lawrence v. Florida*, 127 S. Ct. 1079, 1083 (2007). Where the goals of exhaustion end, the need for tolling recedes. Moreover, were we to hold that the optional Delaware Rule 35(b) motion has the effect of tolling the limitations period of § 2244(d)(1), we might create an incentive for prisoners to file frivolous requests for leniency merely as a delay tactic. *Cf. id.* at 1085. Finally, even though AEDPA's tolling provisions may embrace goals other than exhaustion, such as comity and the desire to avoid simultaneous litigation, tolling for a leniency petition does not advance those goals. Accordingly, we conclude that a motion for sentence reduction properly filed pursuant to Delaware Superior Court Criminal Rule 35(b) does not have the effect of tolling the limitations period set forth in 28 U.S.C. § 2244(d)(1). During the pendency of Hartmann's Rule 35(b) motion, the statutory limitations clock of § 2244(d)(1) continued to run, rendering his

14

federal habeas application untimely.[9]

## IV. **Conclusion**

For the foregoing reasons, we will **affirm** the judgment of the District Court, dismissing as untimely Hartmann's application for a writ of habeas corpus under 28 U.S.C. § 2254.

---

[9]Because Hartmann's Rule 35(b) motion did not toll the limitations period pursuant to 28 U.S.C. § 2244(d)(2), his federal habeas application was untimely regardless of whether his "Motion to Dismiss" had the effect of tolling the limitations period. We therefore decline to consider whether Hartmann's "Motion to Dismiss" was improperly filed or to decide what effect to give to the language of the Delaware Supreme Court when it stated that the Superior Court did not abuse its discretion "to the extent that" Hartman's "Motion to Dismiss" did not comply with Rule 61.