[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 3, 2008
THOMAS K. KAHN
CLERK

_____

No. 06-12501

_____

D. C. Docket No. 05-00208-CV-T-24-MAP

HOWARD ALEXANDER, SR.,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 3, 2008)

Before BLACK, HULL and FAY, Circuit Judges.

HULL, Circuit Judge:

This Court sua sponte vacates our prior opinion, published at 510 F.3d 1362 (11th Cir. 2007), and enters the following opinion in its place.

Howard Alexander, Sr., a Florida prisoner with appointed counsel, appeals the dismissal of his 28 U.S.C. § 2254 petition as barred by the one-year limitations period in 28 U.S.C. § 2244(d)(1). After review and oral argument, we conclude that Alexander's Florida Rule of Criminal Procedure 3.800(c) motion was a request to reduce a legal sentence based on mercy or leniency and did not constitute an application for State post-conviction or other collateral review with respect to the pertinent judgment under § 2244(d)(2) that tolled the limitations period. Thus, we affirm the district court's dismissal of Alexander's § 2254 petition as untimely.

## I. BACKGROUND

### A. Convictions Final on January 30, 2001

In Florida state court, Alexander was charged with first-degree murder, grand theft of a vehicle, and robbery with a deadly weapon. In May 1999, a jury convicted Alexander of grand theft of a vehicle and the lesser offenses of manslaughter with a weapon and petit theft. Alexander was sentenced as a habitual felony offender to 25 years' imprisonment on the manslaughter conviction, a concurrent 5-year sentence on the grand theft conviction, and time served on the petit theft conviction.

On November 1, 2000, the Florida appellate court affirmed his convictions. Alexander v. State, 774 So. 2d 697 (Fla. Dist. Ct. App. 2000). The parties stipulated that his judgment of conviction became final on January 30, 2001.[1] His § 2254 petition thus had to be filed by January 30, 2002 to be timely, absent tolling. See 28 U.S.C. § 2244(d)(1).

**B.      Rule 3.800(c) Motion under Florida Law**

On January 8, 2001, Alexander, pro se, filed a motion to reduce his legal sentence pursuant to Florida Rule of Criminal Procedure 3.800(c).[2] Alexander's

---

[1]This date is 90 days from November 1, 2000, the date on which the Florida District Court of Appeal affirmed Alexander's convictions. The parties apparently gave Alexander the benefit of the 90-day period for seeking certiorari in the U.S. Supreme Court. See Sup. Ct. R. 13.1. However, we note that Alexander did not file a notice to invoke the discretionary jurisdiction of the Florida Supreme Court and may have been entitled to only 30 days additional time to file with the Florida Supreme Court. Fla. R. App. P. 9.120(b). In any event, without statutory tolling of the time that Alexander's Rule 3.800(c) motion was pending, his § 2254 petition remains time-barred regardless of whether we find that his conviction became final on January 30, 2001 or December 1, 2000, the date on which the 30-day period to file a notice to invoke the discretionary jurisdiction of the Florida Supreme Court expired. Id. Thus, we need not decide whether the correct date of finality was January 30, 2001 or December 1, 2000.

Further, we acknowledge that Alexander's failure to seek discretionary review from the Florida Supreme Court raises questions of whether Alexander fully exhausted state remedies on direct appeal. See O'Sullivan v. Boerckel, 526 U.S. 838, 847, 119 S. Ct. 1728, 1733 (1999) (concluding that, in order to satisfy the exhaustion requirement of § 2254(c) and avoid procedural default, "state prisoners [must] file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"). However, we decline to address the exhaustion issue because (1) it is outside of the scope of the certificate of appealability, see Murray v. United States, 145 F.3d 1249, 1250-51 (11th Cir. 1998) (holding that appellate review is limited to the issue or issues presented in the certificate of appealability), and (2) the State has not argued the exhaustion issue on appeal in any event, see United States v. Curtis, 380 F.3d 1308, 1310 (11th Cir. 2004) (discussing long-standing rule in this circuit that issues not raised in a party's initial brief on appeal are deemed waived).

[2]See infra note 7 quoting the text of Florida Rule of Criminal Procedure 3.800(c).

3.800(c) motion stated that (1) he was very remorseful for what he had done, (2) he prayed for the victim's family, (3) he had learned valuable lessons about life since incarceration and had impacted others through sharing the Gospel of Jesus Christ, and (4) his family and children needed him to return as soon as possible. Alexander's 3.800(c) motion asked the state court to review the "uncontroverted mitigating facts" in the case and have mercy on him by mitigating his sentence. Alexander's 3.800(c) was filed in the state court where he was sentenced.

On January 26, 2001, the clerk of the state trial court sent Alexander a letter indicating that his 3.800(c) motion was heard in court and denied on January 24, 2001. The clerk attached a copy of the court calendar report that contained an entry for his 3.800(c) motion with the words "denied" and "no one present" beside it. In February 2001, Alexander filed a notice of appeal but, in July 2001, the Florida appellate court dismissed the 3.800(c) appeal for lack of jurisdiction. Alexander v. State, 793 So. 2d 940 (Fla. Dist. Ct. App. 2001).[3]

In February 2001, Alexander also filed a petition for certiorari in the Florida appellate court. On May 10, 2002, the Florida appellate court held that Alexander

---

[3]An order entered on a Rule 3.800(c) motion to reduce or modify a sentence generally is not appealable, but is subject to review in an extraordinary case under the Florida appellate court's certiorari jurisdiction. See Byrd v. State, 920 So. 2d 825, 826 (Fla. Dist. Ct. App. 2006); see also Mathis v. State, 959 So. 2d 378 (Fla. Dist. Ct. App. 2007) (dismissing appeal of order denying Rule 3.800(c) motion).

was entitled to a ruling on the merits of his 3.800(c) motion and, if a hearing was held, to be present for the hearing.  Alexander v. State, 816 So. 2d 778, 780 (Fla. Dist. Ct. App. 2002).  Accordingly, the Florida appellate court granted the petition for certiorari, quashed the trial court's order denying Alexander's 3.800(c) motion, and remanded to the trial court for consideration of his 3.800(c) motion on its merits.  Id.  On May 14, 2002, upon remand, the state trial court denied Alexander's 3.800(c) motion.

**C.     Rule 3.850 Motion under Florida Law**

On February 27, 2002, while Alexander's 3.800(c) proceedings were still pending, Alexander, pro se, filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850.  On November 21, 2002, the state court denied Alexander's 3.850 motion.  Alexander filed an untimely appeal of the denial of his 3.850 motion, which the state appellate court sua sponte dismissed.  Alexander v. State, 848 So. 2d 315 (Fla. Dist. Ct. App. 2003).

On August 12, 2003, Alexander filed a petition for a belated appeal of the denial of his 3.850 motion.  After an evidentiary hearing, the state appellate court granted the petition for a belated appeal.  Alexander v. State, 875 So. 2d 598 (Fla. Dist. Ct. App. 2003).  On June 25, 2004, the state appellate court affirmed the denial of his 3.850 motion.  Alexander v. State, 880 So. 2d 1218 (Fla. Dist. Ct.

5

App. 2004).

**D.  Section 2254 Petition**

On January 10, 2005, Alexander filed his § 2254 petition.[4] The district court concluded that the one-year limitations period began to run on January 30, 2001 (when Alexander's convictions became final) and expired on January 30, 2002. The district court determined that Alexander's 3.800(c) motion did not operate as a vehicle for collateral review of the legality of the pertinent judgment, but only allowed a state sentencing court to reduce a legal sentence based on a prayer for mercy or leniency.  Thus, the district court concluded that Alexander's 3.800(c) motion did not constitute an application for post-conviction or other collateral review under § 2244(d)(2) and did not toll.  Because the one-year limitations period expired on January 30, 2002, before Alexander filed his tolling 3.850 motion on February 27, 2002, the district court dismissed Alexander's § 2254 petition as untimely.

The district court denied Alexander a certificate of appealability ("COA").[5]

---

[4]Under the "mailbox rule," Alexander's § 2254 petition is deemed filed on the date it was delivered to prison authorities for mailing.  See Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999).

[5]The district court's COA order also stated that Alexander's notice of appeal was untimely.  The district court entered its judgment dismissing Alexander's § 2254 petition on March 24, 2006.  Alexander had 30 days to file a timely notice of appeal.  See Fed. R. App. P. 4(a)(1)(A).  Because this 30-day period expired on Sunday, April 23, 2006, Alexander had until the next day – April 24, 2006 – to file a timely notice of appeal.  See Fed. R. App. P. 26(a)(3).

6

This Court then granted Alexander a COA on the sole issue of:

> Whether the district court properly dismissed appellant's 28 U.S.C. § 2254 petition as untimely in light of his properly filed Fla.R.Crim.P. 3.800(c) motion for reduction of sentence[.][6]

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), establishes a one-year statute of limitations for filing § 2254 petitions, which begins to run following, inter alia, the date on which the petitioner's judgment becomes final. 28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

It is not disputed that Alexander's § 2254 petition was untimely if his 3.800(c) motion is not a tolling motion. The one-year limitations period began to run when Alexander's conviction became final on January 30, 2001. Absent tolling, the one-year limitations period would have expired on January 30, 2002,

---

Alexander's notice of appeal was signed and dated April 24, 2006. Accordingly, Alexander's notice of appeal was timely, and we have jurisdiction over this appeal.

[6]This Court reviews de novo the district court's determination that a petition for habeas corpus relief was time-barred under 28 U.S.C. § 2244(d). See Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000).

which was before Alexander filed his 3.850 motion on February 27, 2002.

While a 3.850 motion is a tolling motion under § 2244(d)(2), it could not toll the one-year limitations period if that period already had expired. Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Thus, if the one-year limitations period was not tolled by Alexander's 3.800(c) motion filed on January 8, 2001, his § 2254 petition was untimely filed on January 10, 2005.

The parties also do not dispute that Alexander's 3.800(c) motion was (1) an "application," (2) "properly filed" in state court, and (3) "pending" during the relevant time period for which Alexander seeks tolling. Thus, we need not address those aspects of § 2244(d)(2). Instead, the sole question is whether Alexander's 3.800(c) motion was an application "for State post-conviction or other collateral review with respect to the pertinent judgment" under § 2244(d)(2). We first examine Rule 3.800(c) and then two of our recent decisions regarding tolling motions under § 2244(d)(2).

## A.     Rule 3.800(c)

Rule 3.800(c) states that "[a] court may reduce or modify . . . a legal

<u>sentence</u> imposed by it . . . ." Fla. R. Crim. P. 3.800(c) (emphasis added).[7] While

Rule 3.800(c) does not enumerate any basis for which a petitioner may seek to

reduce or modify his sentence, it presupposes that the sentence the court is being

asked to reduce or modify is "a legal sentence." <u>See</u> <u>id.</u> In contrast, challenges of

legal error in a sentence are raised under other provisions of the Florida Rules of

Criminal Procedure. Rule 3.800(a) allows a petitioner to request the sentencing

court to "correct an illegal sentence" at any time. Fla. R. Crim. P. 3.800(a).[8] Also,

a petitioner may seek relief from judgment or release from custody under Rule

---

[7]Rule 3.800(c), entitled "Reduction and Modification," provides:

A court may reduce or modify . . . a legal sentence imposed by it within 60 days after the imposition, or within 60 days after receipt by the court of a mandate issued by the appellate court on affirmance of the judgment and/or sentence on an original appeal, or within 60 days after receipt by the court of a certified copy of an order of the appellate court dismissing an original appeal from the judgment and/or sentence, or, if further appellate review is sought in a higher court or in successively higher courts, within 60 days after the highest state or federal court to which a timely appeal has been taken under authority of law, or in which a petition for certiorari has been timely filed under authority of law, has entered an order of affirmance or an order dismissing the appeal and/or denying certiorari. This subdivision shall not be applicable to those cases in which the death sentence is imposed or those cases in which the trial judge has imposed the minimum mandatory sentence or has no sentencing discretion.

Fla. R. Crim. P. 3.800(c). Alexander filed his 3.800(c) motion within 60 days of issuance of the November 29, 2000 mandate from the Florida District Court of Appeal affirming his convictions on direct appeal. The parties do not dispute on appeal that Alexander's 3.800(c) motion was "properly filed."

[8]Rule 3.800(a), entitled "Correction," provides that:

A court may at any time correct an illegal sentence imposed by it, or an incorrect calculation made by it in a sentencing scoresheet, or a sentence that does not grant proper credit for time served when it is affirmatively alleged that the court records demonstrate on their face an entitlement to that relief . . . .

Fla. R. Crim. P. 3.800(a).

9

3.850 because, <u>inter alia</u>, a sentence (1) was imposed in violation of the Constitution or laws of the United States or Florida, (2) exceeded the maximum authorized by law, or (3) is otherwise subject to collateral attack.  Fla. R. Crim. P. 3.850(a).

Rules 3.800(a) and 3.850 thus explicitly provide a procedure for raising a legal challenge to a sentence.  On the other hand, Rule 3.800(c) assumes that the sentence sought to be modified or reduced is legal and functions effectively as a procedure for a petitioner to request leniency from the sentencing court based on mitigating circumstances.  See <u>Williams v. State</u>, 907 So. 2d 1224, 1225 (Fla. Dist. Ct. App. 2005); <u>Suggs v. State</u>, 358 So. 2d 897, 897 (Fla. Dist. Ct. App. 1978).

We now review our precedent about tolling motions under § 2244(d)(2).

## B.     Our Precedent in <u>Bridges</u> and <u>Sibley</u>

In <u>Bridges v. Johnson</u>, 284 F.3d 1201 (11th Cir. 2002), this Court concluded that an application for sentence review under Georgia's procedure was not a tolling motion under § 2244(d)(2).[9]  284 F.3d at 1204.  The Georgia procedure in O.C.G.A. § 17-10-6, which was separate from the direct appeal and state habeas procedures, allowed prisoners to seek review of their sentences by a three-judge panel which would determine whether a sentence was "excessively harsh" in light

---

[9]The phrase "post-conviction or other collateral review" is not defined within AEDPA.

10

of the defendant's crime and prior criminal record.[10]  Id. at 1203.

This Court in Bridges emphasized that the goals of AEDPA's provisions include "(1) ensuring 'that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment,' and (2) serving 'the well-recognized interest in the finality of state court judgments.'"  Id. at 1203 (quoting Duncan v. Walker, 533 U.S. 167, 178-79, 121 S. Ct. 2120, 2127-28 (2001)).  This Court further noted that "'[t]he tolling provision of § 2244(d)(2) balances the interests served by the exhaustion requirement and the limitation period.'"  Id. (quoting Walker, 533 U.S. at 179, 121 S. Ct. at 2128).

Reading § 17-10-6 in light of AEDPA's goals, this Court in Bridges concluded that the Georgia sentence review procedure did not constitute state post-conviction relief under § 2244(d)(2) "because it does not promote exhaustion by giving state courts the opportunity to consider federal-law challenges to state court judgments, and it does not promote finality of state court judgments by reducing

---

[10]O.C.G.A. § 17-10-6 provided that, in any case in which a sentence of 12 or more years was imposed, except death penalty cases and serious violent felonies:

> the defendant shall have the right to have the sentence or sentences reviewed by a panel of three superior court judges to determine whether the sentence or sentences so imposed are excessively harsh.  Consideration shall be given in the review to the nature of the crime for which the defendant has been convicted and to the defendant's prior criminal record. . . .

O.C.G.A. § 17-10-6(a).  This statute was repealed in 2007.  See id. § 17-10-6 (repealed by 2007 Georgia Laws Act 327 (H.B. 197)).

the time in which federal review is sought." Id. The Georgia sentence review

procedure was "merely a means for comparing sentences to ensure accuracy." Id.

This Court agreed with the district court's observation that the "sentence review is

not an attack on the constitutionality or legal correctness of a sentence or judgment

in contrast to a direct appeal or habeas action." Id. at 1204 (quotation marks

omitted). Thus, an application for sentence review in Georgia under § 17-10-6 was

not a tolling motion under § 2244(d)(2). Id.

This Court further explored the limits of § 2244(d)(2) in Sibley v. Culliver,

377 F.3d 1196 (11th Cir. 2004). The document at issue in Sibley was a "Notice"

sent by the petitioners to the Alabama Supreme Court that informed that court that

the petitioners had sent documents appealing their convictions and sentences to

members of Congress. Id. at 1198-99. In concluding that the "Notice" did not

constitute "an application for State post-conviction or other collateral review," this

Court explained that § 2244(d)(2) requires that such an application "contain

something vaguely approaching legitimate, relevant, coherent legal analysis." Id.

at 1200. This Court in Sibley further stated that "where a petitioner fails to include

any meaningful federal or state legal analysis, we need not consider his filing an

application for state post-conviction review." Id. Because the "Notice" was not an

application for State post-conviction or other collateral review (and, furthermore,

12

was not "properly filed"), this Court concluded that the petitioners' "Notice" was not a tolling motion.  See id. at 1201-04.

**C.    Rule 3.800(c) Motion is not a Tolling Motion**

Based on the language of § 2244(d)(2) and our prior precedent interpreting § 2244(d)(2), we conclude that Alexander's 3.800(c) motion was not an "application for State post-conviction or other collateral review with respect to the pertinent judgment" under § 2244(d)(2) and thus did not toll the limitations period. As we noted in Sibley, a tolling motion under § 2244(d)(2) "must contain something vaguely approaching legitimate, relevant, coherent legal analysis." Sibley, 377 F.3d at 1200.  Alexander's 3.800(c) motion contained no such legal analysis.  In his 3.800(c) motion, Alexander expressed remorse for the victim's family, indicated that prison had changed him and that he was sharing the Gospel of Jesus Christ with others, and noted that his family and children needed him. Alexander concluded his 3.800(c) motion by asking the court to have mercy on him and mitigate his sentence.  Even liberally read, Alexander's pro se 3.800(c) motion was only a plea for leniency, not "an attack on the constitutionality or legal correctness of a sentence."  See Bridges, 284 F.3d at 1204 (quotation marks omitted).  Like the Georgia sentencing review procedure addressed in Bridges, Rule 3.800(c) does not advance AEDPA's interests in allowing state courts a full

opportunity to consider federal-law challenges or in the finality of state court judgments.

We disagree with Alexander's contention that our conclusion here is inconsistent with our decision in Ford v. Moore, 296 F.3d 1035 (11th Cir. 2002), regarding Rule 3.800(a). As an initial matter, the issue in Ford was whether a motion must contain a federal-law argument in order to toll, not whether a 3.800(a) motion is a tolling motion.[11] Unlike here, the State conceded in Ford that a Rule 3.800(a) motion, in general, was an "application for State post-conviction or other collateral review" under § 2244(d)(2), so this Court did not squarely address that issue. Ford, 296 F.3d at 1037.

More importantly, Ford addressed only Rule 3.800(a),[12] and there is a significant difference in the text of 3.800(a) and 3.800(c). Rule 3.800(a) explicitly provides for a court to "correct an illegal sentence," whereas Rule 3.800(c) only allows a court to "reduce or modify . . . a legal sentence." Fla. R. Crim. P. 3.800(a), (c). While Rule 3.800(a) also allows for correction of a sentence based

---

[11]In Ford, this Court concluded, based on an interpretation of the phrase "judgment or claim" in § 2244(d)(2), that an application for state post-conviction or other collateral review would toll "regardless of whether the basis of the attack is grounded in federal or state law." Ford, 296 F.3d at 1038.

[12]Both parties on appeal here agree that the petitioner's motion in Ford was filed under Rule 3.800(a). The description in Ford of the petitioner's motion as a "motion to correct an illegal sentence" and the substantive legal challenge raised therein indicates that it was filed under Rule 3.800(a). See Ford, 296 F.3d at 1036.

14

on an incorrect calculation in a sentencing scoresheet or the failure to grant proper credit for time served, see Fla. R. Crim. P. 3.800(a), the petitioner in Ford did not raise either of those challenges in his 3.800(a) motion. Instead, petitioner's 3.800(a) motion challenged that his sentence was unconstitutional because it exceeded statutory limitations. See Ford, 296 F.3d at 1036. To the extent that Ford adopted the State's concession that a 3.800(a) motion was a tolling motion, Ford established only that the 3.800(a) motion at issue, which raised a legal challenge to a sentence, was a tolling motion, not that all 3.800(a) motions are tolling motions. Thus, the holding in Ford that a 3.800(a) motion that raised a legal challenge to a sentence was a tolling motion is consistent with our conclusion here that Alexander's 3.800(c) motion – which raised no challenge of legal error whatsoever – is not a tolling motion.[13]

**D. Other Circuits**

Both the Third and Fourth Circuits have concluded that motions filed under state rules similar to Rule 3.800(c) are not tolling motions under § 2244(d)(2).

----

[13]In concluding that a state motion can toll the limitations period even if does not raise a federal claim, the Ford Court also stated that "[a] state collateral proceeding based solely on state-law issues may avoid the need for federal relief, and a tolling rule permits prisoners to pursue such theories in state court without jeopardizing their ability to raise the federal constitutional issues later in federal court, if that proves to be necessary." Ford, 296 F.3d at 1040. The Ford petitioner challenged his sentence as illegal and unconstitutional under state law and this language contemplates that a "state-law" challenge could eliminate the need for a future claim under federal law. In contrast, Rule 3.800(c) does not allow for a petitioner to raise any legal challenge, state or federal, that could obviate the need for federal relief.

15

Hartmann v. Carroll, 492 F.3d 478, 481-84 (3rd Cir. 2007), petition for cert. filed,

76 U.S.L.W. 3200 (U.S. Oct. 3, 2007) (No. 07-478); Walkowiak v. Haines, 272

F.3d 234, 237-39 (4th Cir. 2001).[14]

In Hartmann, the Third Circuit addressed whether a motion for reduction of

sentence under Delaware Superior Court Criminal Rule 35(b) was a tolling motion.

After contrasting the language of Rule 35(b) with other Delaware rules that

allowed petitioners to raise legal challenges, the Third Circuit concluded that "[a]

Rule 35(b) motion is a plea for leniency, directed toward the sentencing court,

which seeks discretionary relief based on mercy and grace, rather than on the law."

Hartmann, 492 F.3d at 481. The petitioner's Rule 35(b) motion, which raised

thirteen "mitigating circumstances," only sought "a discretionary exercise of

leniency by the sentencing judge." Id. at 482. After reviewing the principles

sought to be served by AEDPA, the Third Circuit concluded that "tolling for a

leniency petition does not advance those goals." Id. at 484. The Hartmann Court

explained that "[o]bviously, when a prisoner in state custody opts to file a motion

for discretionary leniency, the state is not being asked to correct errors of legal

---

[14]But see Robinson v. Golder, 443 F.3d 718, 720-21 (10th Cir.) (concluding Colorado Rule of Criminal Procedure 35(b) motion for reduction of sentence was a tolling motion), cert. denied, ___ U.S. ___, 127 S. Ct. 166 (2006); Howard v. Ulibarri, 457 F.3d 1146, 1148-50 (10th Cir. 2006) (following Robinson to conclude New Mexico Rule of Criminal Procedure 5-801 motion for modification of sentence was a tolling motion).

16

moment.  Whatever interest the state has in deciding the motion, its interest is not one in correcting errors before the federal courts assume jurisdiction."  Id. at 483.  Thus, the Third Circuit concluded that the petitioner's Rule 35(b) motion was not a tolling motion.  Id. at 484.

The Fourth Circuit reached a similar conclusion in addressing whether a motion for reduction of sentence under West Virginia Rule of Criminal Procedure 35(b) was a tolling motion.  In determining that a Rule 35(b) motion does not seek "collateral" review, the Fourth Circuit noted that "collateral" proceedings "typically entail a challenge to the legality of the earlier proceeding or judgment."  Walkowiak, 272 F.3d at 238.  However, a Rule 35(b) motion, unlike a motion to "correct an illegal sentence" under West Virginia Rule 35(a), does not raise any challenge of error by the sentencing court, much less legal error.  Id.  "The only issue before the court on a Rule 35(b) motion is whether the defendant, although sentenced in conformity with applicable laws, nevertheless presents some compelling non-legal justification that warrants mercy."  Id.  The petitioner's Rule 35(b) motion was consistent with this reading of the rule in that it only sought "mercy from the court, on the basis of a variety of asserted mitigating circumstances."  Id.  Thus, because a Rule 35(b) motion "does not entail a legal challenge to the original sentence," the Fourth Circuit concluded that it was not a

17

tolling motion.[15]  Id. at 239.

The analyses and conclusions by the Third and Fourth Circuits in these two decisions are consistent with this circuit's Bridges decision and our conclusion here.

### III. CONCLUSION

In sum, we conclude that a 3.800(c) motion is not an "application for State post-conviction or other collateral review with respect to the pertinent judgment" under § 2244(d)(2) that tolls AEDPA's one-year limitations period.  Alexander's one-year limitations period was not tolled while his 3.800(c) motion was pending, and it expired on January 20, 2002 before Alexander filed a tolling 3.850 motion. Thus, we affirm the district court's dismissal of Alexander's § 2254 petition as untimely filed.

**AFFIRMED.**

---

[15]The Fourth Circuit also concluded that a Rule 35(b) proceeding was not "collateral" because a Rule 35(b) motion is heard by the same judge that sentenced the defendant and because Rule 35(b) did not contain a provision addressing the preclusive effect to be afforded the original sentencing proceeding.  See Walkowiak, 272 F.3d at 237-38.