[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 11, 2008
THOMAS K. KAHN
CLERK

_____

No. 06-14622
Non-Argument Calendar

_____

D. C. Docket No. 06-00145-CV-ORL-18KRS

DONALD VEDNER,

Petitioner-Appellant,

versus

SECRETARY, DOC,
FLORIDA ATTORNEY GENERAL,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 11, 2008)**

Before TJOFLAT, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Donald Vedner, a Florida prison inmate, appeals the district court's dismissal of his habeas corpus petition, filed under 28 U.S.C. § 2254, as barred by the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). We issued a certificate of appealability ("COA") on the following two issues:

> (1) [w]hether the district court properly dismissed [Vedner's] 28 U.S.C.
> § 2244 petition as untimely in light of his Fla. R. Crim. P. 3.800(c) motion
> for reduction of sentence.
>  (2) "[w]hether 28 U.S.C. § 2254(d)(1)(D) applied to render [Vedner's] 28
> U.S.C. § 2254 petition timely.

The first issue was resolved in <u>Alexander v. Sec'y, Dep't of Corr.</u>, 510 F.3d 1362, 1370 (11th Cir. 2007), which holds that a Rule 3.800(c) motion "is not an 'application for State post-conviction or other collateral review with respect to the pertinent judgment' under § 2254(d)(2) that tolls AEDPA's one-year limitations period." We turn, then, to the second issue stated in the COA.

AEDPA amended 28 U.S.C. § 2244(d) to establish a one-year statute of limitation for petitions filed under § 2254. 28 U.S.C. § 2244(d)(1). The statutory limitations period runs from the latest of the following trigger dates:

> (A) the date on which the judgment became final by the
> conclusion of direct review or the expiration of the time
> for seeking such review;
> (B) the date on which the impediment to filing an
> application created by State action in violation of the
> Constitution or laws of the United States is removed, if

the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The statutory period is tolled during the time when a "properly filed" application for state post-conviction relief or other collateral relief is pending. See 28 U.S.C. § 2244(d)(2). A single limitation period – triggered by the latest applicable date listed in § 2244(d)(1) above – applies to the entire habeas petition. Walker v. Crosby, 341 F.3d 1240, 1245 (11th Cir. 2003). In other words, individual claims within a single habeas petition are not treated separately in determining whether a petition is timely. Id., at 1245-46.

Vedner was convicted in a Florida circuit court of three offenses arising out of a DUI caused vehicular homicide and possession of drug paraphernalia, and sentenced to prison for a total of 125 months. The court's decisions were affirmed on appeal. Vedner v. State, 849 So.2d 1207 (Fla. 5th DCA 2003). On January 7, 2004, fifty-one days after the Florida Supreme Court (on November 17, 2003) declined jurisdiction to review the district court of appeal's decision, Vedner moved the trial court pursuant to Fla. R. Crim. P. 3.800(c) to mitigate or modify

3

his prison term. The court denied his motion on April 27, 2004. On October 27, 2004, Vedner moved the trial court for post-conviction relief pursuant to Fla. R. Crim. P. 3.850. His motion, as amended, presented one ground for relief: that the prison sentence the court had given him was vindictive and therefore constituted a violation of the Constitutions of Florida and the United States. Vedner accompanied this motion with a motion asking the court to recuse. The court denied both motions on May 17, 2005. Addressing in particular Vedner's vindictive sentence claim, the court held that the claim was procedurally barred – he should have raised it on direct appeal from his convictions and sentences. Vedner appealed these rulings, and they were affirmed, on September 27, 2005. Vedner v. State, 912 So.2d 1248 (Fla. 5th DCA 2005). The mandate issued on October 14, 2005.

On March 1, 2006, Vedner filed the instant habeas petition.[1] The petition raised three grounds for relief: (1) his sentence was vindictive; (2) the police infringed his Fifth Amendment privilege against self-incrimination when they took his statement at the scene of the subject vehicular accident; and (3) the trial court should have recused from considering his Rule 3.800(c) motion. On August 16,

---

[1] He filed a petition on February 7, 2006, but it was returned to him because it was not filed in the form provided by the district court. The court granted him leave to file a petition in proper format, and he did so.

2006, the district court denied relief, concluding that the Rule 3.800(c) motion did not toll AEDPA's limitations period and that his petition was otherwise untimely.

As indicated in our resolution of the COA's first issue, Vedner's Rule 3.800(c) motion did not toll AEDPA's one-year limitations period. Therefore, the question is whether Vedner's Rule 3.850 motion tolled AEDPA's one-year limitations period sufficiently to render his habeas petition timely. The answer is that it did not.

Vedner's conviction became final on November 17, 2003, and the one-year period began. It was tolled on October 27, 2004, when Vedner's filed his motion for Rule 3.850 relief. As of that date, twenty days of the one-year period remained. The Rule 3.850 tolling continued until October 14, 2005, when the district court of appeal issued its mandate affirming the trial court's denial of relief, as indicated above. The tolling then resumed. By the time Vedner filed his habeas petition, on March 1, 2006, the one-year period had long expired.[2]

Our answer to the second issue therefore ends the matter. The judgment of the district court must be affirmed.

**AFFIRMED.**

---

[2] The period had long expired by February 7, 2006. See supra note 1.

5