

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-7-2007

# Black v. DA Philadelphia Cty

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-2154

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Black v. DA Philadelphia Cty" (2007). *2007 Decisions.* Paper 463.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/463

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-2154

MICHAEL BLACK

Appellant

v.

DISTRICT ATTORNEY OF PHILADELPHIA CITY;
THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA;
ROBERT SHANNON, SUPT.  SCI MAHANOY

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 01-cv-03479)
District Judge:  Hon. Ronald L. Buckwalter

Submitted under Third Circuit LAR 34.1(a)
on March 22, 2004

Before: AMBRO, CHERTOFF* and ROTH**, <u>Circuit Judges</u>

(Opinion Filed:  September 7, 2007)

---

        *This case was submitted to the panel of Judges Ambro, Chertoff and Roth.  Judge
Chertoff resigned before the filing of the opinion.  The decision is filed by a quorum of the
panel.  28 U.S.C. § 46(d).

        **The Honorable Jane R. Roth assumed senior status on May 31, 2006.

OPINION

**ROTH**, Circuit Judge:

In this habeas action under 28 U.S.C. § 2254, appellant Michael Black alleges a violation of his due process rights by his conviction based on a guilty plea for conduct that was not criminal. Black pled guilty to various crimes, including a violation of the Pennsylvania Corrupt Organizations Act (the PCOA), 18 Pa. C.S. §911 *et seq.*, based on the operation of his wholly illegal enterprise of cocaine distribution. Seven years later, the Supreme Court of Pennsylvania held that the PCOA does not apply to wholly illegitimate enterprises. *Commonwealth v. Besch*, 674 A.2d 655 (Pa. 1996). The Pennsylvania Supreme Court has since held that *Besch* relates back to the enactment of the PCOA. *Kendrick v. Dist. Att'y of Philadelphia County*, 916 A.2d 529, 541 (Pa. 2007).

Consistent with *Kendrick*, we find that Black did not receive valid notice of the charges against him and that his actual innocence of the charge of violation of the PCOA justifies equitable tolling of the statute of limitations. Accordingly, we will vacate the District Court's order denying habeas relief and remand this matter to the District Court.

## I. **BACKGROUND**

On July 10, 1989, Black pled guilty to third-degree murder, possessing an instrument of crime (PIC), possession with intent to deliver a controlled substance (PWID), criminal conspiracy and violating the PCOA. Pursuant to the plea agreement, he was sentenced to consecutive sentences of ten to twenty years each for the third degree murder and PCOA

violation convictions, concurrent sentences of five to ten years each for the PWID and conspiracy convictions, and a concurrent sentence of two to five years for PIC.

On January 15, 1997, Black filed a pro se petition under Pennsylvania's Post Conviction Relief Act (PCRA), 42 Pa. C.S. §9541, *et seq*. The PCRA court dismissed the amended petition on June 25, 1998. The Superior Court affirmed this decision on September 28, 1999. *Commonwealth v. Black*, 747 A.2d 408 (Pa. Super. 1999). On August 21, 2000, the Supreme Court of Pennsylvania denied allocatur. *Commonwealth v. Black*, 766 A.2d 1243 (Pa. 2000).

On March 22, 2001, Black filed an Application for Leave to File Original Process and Petition for Writ of Habeas Corpus in the Supreme Court of Pennsylvania. The court granted his petition for leave but denied the habeas petition. *Black v. Shannon*, No. 40 EM 2001, June 11, 2001.

On July 12, 2001, Black filed the instant Petition for Writ of Habeas Corpus, arguing that his guilty plea to the state law crime of violating the PCOA was not knowing and intelligent and/or the evidence was insufficient to sustain his conviction since his was a wholly illegitimate enterprise and the Pennsylvania Supreme Court ruled, seven years after his guilty plea, that the PCOA does not apply to wholly illegitimate enterprises. *See Commonwealth v. Besch*, 674 A.2d 655 (Pa. 1996).

In a Memorandum and Order dated April 4, 2002, the District Court held that (1) Black was not entitled to equitable tolling of the Anti-terrorism and Effective Death Penalty Act (AEDPA) statute; (2) *Besch* announced a new rule of law that was not retroactively

3

applicable to Black's PCOA conviction; (3) Black was not actually innocent of violating the PCOA.

We granted a certificate of appealability to Black on the question of "whether the District Court erred by refusing to equitably toll the one-year period of limitation prescribed in 28 U.S.C. §2244(d)(1) based on Appellant's claim that he is actually innocent of violating the Pennsylvania Corrupt Organizations Act as interpreted in *Commonwealth v. Besch*, 674 A.2d 655 (Pa. 1996)." Because the resolution of this case depended on whether the rule in *Besch* applies retroactively, a question then pending before the Pennsylvania Supreme Court after being certified to them by this Court in *Kendrick v. Dist. Att'y of Philadelphia County*, 916 A.2d 529 (Pa. 2007), we held Black's appeal *curia advisari vult* pending the resolution of that question.

The Pennsylvania Supreme Court has now concluded that the rule in *Besch* applies retroactively, relating back to the day of enactment. *Id.* at 538-39.

Following the issuance of the Pennsylvania Supreme Court's decision in *Kendrick*, we asked the parties to file memoranda regarding the effect of the decision on this case. In his response, Black argues that the decision in *Kendrick* shows that *Besch* represents the meaning of the PCOA at the time Black pleaded guilty and that his conviction should therefore be set aside. The Commonwealth agrees that the conviction should be vacated and asks that we remand for resentencing.

## II. **DISCUSSION**

The District Court had jurisdiction over this habeas action under 28 U.S.C. §§ 2241(a)

4

and 2254(a). We have appellate jurisdiction under 28 U.S.C. § 2253. Our review of the timeliness of a federal habeas application is plenary, *Hartmann v. Carroll*, 492 F.3d 478, 478 (3d Cir. 2007), as is the standard for review of a decision to grant or deny equitable tolling. *Brinson v. Vaughn*, 398 F.3d 225, 231 (2005).

The two questions to be addressed before relief may be granted are (1) whether Black's claim is barred by his delay in filing for habeas relief, and (2) whether Black's guilty plea was involuntary because it was made without a valid disclosure of the charge he faced.

Petitions for habeas relief must be filed within one year of the date on which the state court judgment became final. 28 U.S.C. § 2244(d)(1). For judgments that became final prior to the enactment of the AEDPA, the one year statute of limitations runs from April 24, 1996, the date of enactment of AEDPA. *Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998). The running of the statute of limitations is tolled while state court post-conviction review is pending. Black concedes that, while the statute of limitation was tolled several times for appeals in state court, he did not file within the statute of limitations. His filing for habeas relief is therefore time barred unless it qualifies for equitable tolling.

We have held that equitable tolling may be applied where principles of equity would make rigid application of the statute unfair. *Miller v. New Jersey State Department of Corrections*, 145 F.3d 616, 618 (3d Cir. 1998). Generally this will occur when the appellant has been prevented from asserting his rights in some extraordinary way. *Id.* Here, the rigid application of the statute would result in upholding a sentence for a crime that in fact was not a crime. Such a result would be manifestly unjust, and so we find that equitable tolling of

5

the statute of limitations is appropriate.

A guilty plea can not support a judgment of guilt unless it was made voluntarily. The plea can not be voluntary in a constitutional sense if the defendant did not receive "real notice of the nature of the charge against him." *Henderson v. Morgan*, 426 U.S. 637, 644-45 (1976). Here, defendant pled guilty to violating the PCOA believing that the statute could be applied to his cocaine distribution business. Under *Besch*, conduct of an entirely illegitimate enterprise does not violate the PCOA. *Commonwealth v. Besch*, 674 A.2d 655, 661 (Pa. 1996). According to *Kendrick*, the rule in *Besch* applies to Black's PCOA conviction. Thus, the notice given to Black of the nature of the charge against him incorrectly suggested that he could have violated the PCOA, rendering his guilty plea constitutionally invalid.

## III. **CONCLUSION**

The District Court's denial of the writ of habeas corpus will be vacated and this matter remanded to the District Court (1) to grant habeas relief unless the Commonwealth chooses to permit Black to withdraw his guilty plea on the PCOA count and (2) to take such further action on the remaining counts as it deems appropriate.