**CLD-106**                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4521
_____

DETLEF F. HARTMANN,
                                        Appellant

v.

MARTIN O'CONNOR; JOHN VAUGHN; JOHN YOUNG; HOLLAND, Judge;
BERGER, Judge; RIDGELY, Judge; CARL C. DANBERG; KARL HINES; J. DOE I
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 10-cv-00725)
District Judge: Honorable Sue L. Robinson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 3, 2011

Before:  RENDELL, FUENTES and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  February 28, 2011)
_____

OPINION
_____

PER CURIAM

        Detlef Hartmann, formerly a prisoner at the James T. Vaughn Correctional Center

in Smyrna, Delaware, appeals from an order of the District Court dismissing as legally

frivolous his pro se civil rights complaint.  For the reasons that follow, we will summarily

affirm.

In 2001, Hartmann pleaded guilty to various sex offenses and was sentenced to ten years' imprisonment, followed by nine years of decreasing levels of supervision. He is currently on monitored supervision until June 2012. In August 2010, he filed a complaint pursuant to 42 U.S.C. § 1983. He named as defendants three Delaware Supreme Court justices, two Delaware Superior Court judges, a deputy attorney general, and the commissioner and the bureau chief of the Delaware Department of Corrections. He made the following allegations: (1) an error in a family law case that resulted in a "fraudulently brought criminal case;" (2) the denial of a writ of prohibition; (3) the denial of "constitutional rights through libraries and the Internet when there was no conviction of their use" (emphasis in original); (4) failure to train regarding Hartmann's rights under the Americans with Disabilities Act (ADA); and (5) racketeering.

The District Court sua sponte dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and found that amendment would be futile. Hartmann appealed. We have jurisdiction to hear this appeal. 28 U.S.C. § 1291. We review the District Court's § 1915(e) dismissal without leave to amend for abuse of discretion. Denton v. Hernandez, 504 U.S. 25, 33 (1992). To the extent that the District Court engaged in the choice, application, and interpretation of the law, our review is plenary. Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995). Summary action is warranted if an appeal presents no substantial question. LAR 27.4; I.O.P. 10.6.

Hartmann's first and second claims cannot be brought in a § 1983 action. Since he is on supervised release, he is "in custody" for purposes of habeas corpus. Leyva v.

2

Johnson, 504 F.3d 357, 363 (3d Cir. 2007). Consequently, his remedy, if he has one at all, lies with 28 U.S.C. § 2254, not with § 1983. See Presier v. Rodriguez, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical confinement [. . .] his sole federal remedy is a writ of habeas corpus.").[1]

Hartmann next claims that he was denied his rights "through libraries and the Internet." First, he brings this claim against Delaware judges. Judges have "absolute immunity from suit [and] will not be liable for [their] judicial acts." Azubuko v. Royal, 443 F.3d 303, 303 (3d Cir. 2006). It is clear from the complaint that Hartmann is complaining about actions taken by the judges in their judicial capacities. Thus, the judges have judicial immunity against these claims.

Hartmann also brings his claim about libraries and the Internet against Delaware prison officials. Inmates have a right to meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 822 (1977). An inmate making an access-to-the-courts claim is required to show that the denial of access caused actual injury. Lewis v. Casey, 518 U.S. 343, 352-53 (1996). Actual injury occurs when a prisoner demonstrates that a "nonfrivolous" and "arguable" claim was lost because of the denial of access to the courts. Christopher v. Harbury, 536 U.S. 403, 415 (2002). Here, Hartmann does not indicate how the defendants impeded his access to the courts, nor does he mention any nonfrivolous claims that he lost as a result. In fact, Hartmann has been the plaintiff in two other civil rights cases and one habeas corpus petition, as well as several state-court

---

[1]     We note that Hartmann has already sought habeas relief for his 2001 guilty plea, and we rejected his claim. See Hartmann v. Carroll, 492 F.3d 478, 484 (3d Cir. 2007).

3

challenges to his conviction. Thus, it appears that Hartmann was able to bring his legal claims while incarcerated.

Hartmann's remaining claims warrant little discussion. He alleges that the defendants violated the ADA by failing to train state employees with regard to his disability. He does not explain what the state employees, whom he did not name as defendants in his complaint, improperly did or did not do, nor does he even state the nature of his disability. Moreover, a civil rights claim cannot proceed exclusively on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). He vaguely accuses the defendants of racketeering, but he does not allege any predicate racketeering acts or an injury to business or property, as required for a civil RICO claim. 18 U.S.C. § 1962(c).

We conclude that the District Court did not abuse its discretion when it dismissed Hartmann's complaint, and that this appeal presents no substantial question. Accordingly, we will affirm the decision of the District Court. Hartmann's motion for the appointment of counsel is denied.

4