**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-6719**

SAMUEL E. HARRIS,

Petitioner - Appellant,

v.

DIRECTOR, VIRGINIA DEPARTMENT OF CORRECTIONS,

Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. M. Hannah Lauck, Magistrate Judge.  (3:04-cv-00070-MHL)

Argued:  March 18, 2008               Decided:  June 26, 2008

Before MICHAEL and GREGORY, Circuit Judges, and David R. HANSEN, Senior Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

Reversed and remanded by unpublished per curiam opinion.

**ARGUED:** Sarah M. Brackney, ARNOLD & PORTER, L.L.P., Washington, D.C., for Appellant.  Alice T. Armstrong, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee. **ON BRIEF:** Jeffrey L. Handwerker, ARNOLD & PORTER, L.L.P., Washington, D.C., for Appellant.  Robert F. McDonnell, Attorney General of Virginia, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Samuel E. Harris, a Virginia state prisoner, appeals the district court's dismissal of his petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. The court held that Harris's petition was filed outside the one-year limitations period established by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). This determination was based on the court's conclusion that a petition for a writ of mandamus that Harris filed in state court did not qualify as a "properly filed application for State post-conviction or other collateral review with respect to" his underlying conviction and, thus, did not toll AEDPA's limitations period. See 28 U.S.C. § 2244(d)(2). We conclude that the district court erred by not recognizing that the limitations period was tolled during the pendency of Harris's state mandamus petition. When this tolling is taken into account, his federal habeas petition is timely. Accordingly, we reverse and remand for consideration of the merits of Harris's petition.

I.

Following a guilty plea, Harris was convicted of several felony charges in Virginia state court. He was ultimately sentenced to serve 220 years in prison, with 160 years suspended. He appealed to the Court of Appeals of Virginia, but that court rejected his claims on September 13, 2001. His conviction became

2

final for purposes of AEDPA on October 15, 2001, the day on which his time for appealing to the Supreme Court of Virginia expired. See 28 U.S.C. § 2244(d)(1)(A).

On February 13, 2002, Harris filed a pro se Petition for Writ of Mandamus in state circuit court. The petition asserted that Harris had received ineffective assistance of counsel prior to his guilty plea, that he would not have pled guilty but for his counsel's deficient performance, and that his guilty plea was thus invalid. The circuit court dismissed the mandamus petition on December 6, 2002.[1] Meanwhile, on August 8, 2002, Harris filed in state circuit court a separate pro se Petition of Writ of Habeas Corpus, which also asserted that his guilty plea was invalid due to ineffective assistance of counsel. The circuit court denied this petition on November 1, 2002. Harris filed a petition for appeal of the denial of habeas relief to the state supreme court, which that court denied on July 21, 2003.

Harris, still proceeding pro se, filed a petition for a writ of habeas corpus in U.S. district court on January 18, 2004. Upon consent of the parties, the case was assigned to a magistrate judge pursuant to 28 U.S.C. § 636(c)(1). The state moved to

---

[1]Harris also filed a mandamus petition with the state supreme court on April 25, 2002. The court dismissed that petition on September 30, 2002. Because the circuit court mandamus petition was pending during the entire time the supreme court petition was pending, there is no reason to separately consider the tolling effect of the supreme court petition.

3

dismiss Harris's petition as untimely, and the district court, in a decision rendered by the magistrate judge, ultimately granted the state's motion based on the determination that the mandamus petition Harris filed in state court did not toll the AEDPA limitations period. Harris appealed to this court, and we granted a certificate of appealability on the tolling issue.[2]

## II.

Under AEDPA a state prisoner has one year to file a petition for a writ of habeas corpus in federal court. 28 U.S.C. § 2244(d)(1). This one-year period is tolled while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." § 2244(d)(2). In this case the parties agree that Harris's habeas petition tolled his one-year period for filing while it was pending in state court between August 8, 2002, and July 21, 2003. However, even taking this into account, Harris's federal habeas petition is untimely unless his mandamus petition also tolled the AEDPA limitations period. The parties agree that if the mandamus

---

[2]The state argues that we should not address the tolling issue because in the underlying plea agreement Harris allegedly waived the right to seek withdrawal of his guilty plea. We disagree. The scope and validity of the waiver in Harris's plea agreement relates to the merits of his ineffective assistance claim and may be properly addressed in the first instance on remand.

4

petition tolled the limitations period, Harris's federal habeas petition is timely.

Both this court and the Supreme Court of the United States have set forth parameters for determining whether a state court filing qualifies as a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment" within the meaning of § 2244(d)(2). We have held that "the term 'collateral review' refers to a proceeding separate and distinct from that in which the original judgment was rendered, and in which the petitioner challenges the legality of the original judgment." Walkowiak v. Haines, 272 F.3d 234, 237 (4th Cir. 2001). The Supreme Court has explained that an application for collateral review "is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000). Filing rules include "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Id. The Supreme Court has distinguished these filing rules, or "condition[s] to filing," from a separate category of "condition[s] to obtaining relief," which includes procedural bars that prevent certain claims from being raised or considered. Id. at 10-11. With respect to the latter category, the Court has rejected the argument that an application for relief was not "properly filed" simply because the claims it

5

advanced were procedurally barred.  As the Court explained, "the question whether an application has been 'properly filed' is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar."  531 U.S. at 9; see also Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) (noting that there is an "obvious distinction between time limits, which go to the very initiation of a petition and a court's ability to consider that petition, and the type of 'rule of decision' procedural bars at issue in Artuz, which go to the ability to obtain relief.")

Applying these standards to this case, we agree with Harris that his mandamus petition tolled the AEDPA limitations period under § 2244(d)(2).  The petition qualifies as an application for collateral review because it initiated a "separate and distinct proceeding" and sought to challenge the validity of the underlying conviction.  See Walkowiak, 272 F.3d at 237.  The petition was also "properly filed" because it complied with the "applicable laws and rules governing filing" in that it was timely, formatted in an acceptable manner, and filed in a court with jurisdiction to consider the petition (even if it lacked jurisdiction to grant the relief requested).  See Artuz, 531 U.S. at 8.  Therefore, the requirements for tolling under § 2244(d) are satisfied.

The arguments against tolling do not withstand scrutiny. The district court based its decision on the fact that, under Virginia law, a writ of mandamus will not be granted "when there is any other adequate legal remedy available to the applicant." J.A. 67 (quoting Durkin v. Davis, 538 F.2d 1037, 1042 (4th Cir. 1976) (quoting Board of Supervisors v. Combs, 169 S.E. 589, 593 (Va. 1933))). As the district court correctly observed, Harris was ineligible for mandamus relief because the state provided another procedural avenue -- habeas corpus -- for him to assert his claim. Based on this "procedural structure," the district court concluded that "a petition for a writ of mandamus, regardless of its content, does not constitute an application for 'collateral review with respect to the pertinent judgment' under § 2244(d)(2)." J.A. 68. The Third Circuit appears to have reached a similar conclusion in Satterfield v. Johnson, 434 F.3d 185, 192-95 (2006), which held that a prisoner's application for extraordinary relief did not toll the limitations period under § 2244(d)(2) in part because Pennsylvania law provided an alternative mechanism as the exclusive means to collaterally attack a conviction.

This line of reasoning is inconsistent with Supreme Court precedent. In Artuz the Court explicitly rejected the argument that an application for collateral review "is not 'properly filed' for purposes of § 2244(d)(2) unless it complies with all mandatory state-law procedural requirements that would bar review of the

7

merits of the application." 531 U.S. at 8. The Court explained that a petition can qualify as a "properly filed application" for collateral review even if the claims contained in the petition lack merit due to a state law procedural bar; for instance, state law barred the petitioner in Artuz from raising a claim in a postconviction proceeding when that claim had been previously determined on the merits in a direct appeal. Id. at 9-11. The Virginia rule of law that made mandamus relief unavailable to Harris, like the rule at issue in Artuz, speaks to the availability of the relief requested rather than the petitioner's ability to initiate the proceedings in the first instance. For this reason, the procedural bar that Harris confronted is a "condition to obtaining relief," not a "condition to filing," and thus does not render his petition improperly filed for purposes of § 2244(d)(2). In other words, under Artuz the question of whether mandamus relief was ultimately available to Harris under Virginia law is simply not relevant to determining whether his application for mandamus relief tolled the limitations period under § 2244(d)(2).

The Commonwealth argues in the alternative that Harris's mandamus petition was not "properly filed" because he did not provide the notice required by Va. Code § 8.01-644. That provision says that an application for a writ of mandamus is to be made "after the party against whom the writ is prayed has been served with a copy of the petition and notice of the intended application

8

a reasonable time before such application is made." The Commonwealth did not raise this argument before the district court and, as we have held, the "[f]ailure to raise an argument before the district court typically results in the waiver of that argument on appeal." United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008). Moreover, we agree with Harris that his failure to comply with the notice requirement does not render his mandamus petition improperly filed for purposes of § 2244(d)(2) because the notice requirement constitutes a "condition to obtaining relief" under Artuz rather than a "condition to filing." In denying Harris's petition, the Virginia circuit court did not call into question its ability to consider the availability of the relief requested. See Pace, 544 U.S. at 417 (explaining that filing requirements "go to the very initiation of a petition and a court's ability to consider that petition"). Instead, it listed several reasons why Harris could not obtain mandamus relief, including the unavailability of mandamus to compel the performance of discretionary acts as well as Harris's non-compliance with the notice requirement of § 8.01-644. Although Virginia case law on § 8.01-644 is sparse, the circuit court's treatment of the provision appears consistent with that of the Commonwealth's intermediate appellate court, which has characterized the provision as a "procedural requirement[] for obtaining" a writ of mandamus. See Hutchins v. Carrillo, 500 S.E.2d 277, 284 (Va. Ct. App. 1998). Given this characterization,

9

we conclude that the notice requirement operates as a "condition to obtaining relief" under state law. This conclusion is buttressed by Artuz, where the Supreme Court did not include notice requirements among its list of the "laws and rules governing filings." 531 U.S. at 8. The Commonwealth's argument therefore lacks merit under Artuz.

Finally, the Commonwealth argues that tolling the limitations period in this case "'would turn § 2244(d)(2) into a de facto extension mechanism, quite contrary to the purpose of AEDPA, and open the door to abusive delay.'" Appellee's Br. 14 (quoting Pace, 544 U.S. at 413). These concerns are unfounded. Not every prisoner submission will toll the limitations period under § 2244(d)(2). As the Eleventh Circuit has said, "Congress enacted § 2244(d)(2) to allow the deadline for federal filings to be tolled when a prisoner legitimately pursues state remedies in good faith, and did not intend it to be triggered simply because a prisoner mailed nonsense to a state court." Sibley v. Culliver, 377 F.3d 1196, 1201 (11th Cir. 2004). Harris's petition was not mere nonsense; instead, as explained above, it initiated a separate and distinct legal proceeding and expressly challenged the validity of his conviction, as contemplated by § 2244(d)(2). Moreover, although Virginia law precluded Harris from obtaining a writ of mandamus, nothing in the record suggests that Harris, a pro se

10

litigant, acted in bad faith or for purposes of delay when filing his mandamus petition.

In sum, we hold that the mandamus petition Harris filed in state circuit court constitutes a "properly filed application for State post-conviction or other collateral review with respect to" his underlying conviction within the meaning of 28 U.S.C. § 2244(d)(2). We reject the argument that Harris is ineligible for tolling under § 2244(d)(2) simply because he initially asserted his claims by seeking mandamus, when under Virginia law he should have instead pursued habeas corpus relief. While Harris's mistake rendered his petition subject to a state-law procedural bar, the mistake did not render his petition improperly filed for purposes of § 2244(d)(2) because under <u>Artuz</u> the state's procedural bar operates as a "condition to obtaining relief," not a "condition to filing." Therefore, Harris's federal habeas petition is timely, and he is entitled to consideration of the merits of his petition on remand.

* * *

The district court's order dismissing Harris's petition for a writ of habeas corpus is

<u>REVERSED AND REMANDED</u>.